Filed 10/3/13

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| BADRUDIN KURWA, | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | |
| | ) | S201619 |
| v. | ) | |
| | ) | Ct.App. 2/5 B228078 |
| MARK B. KISLINGER et al., | ) | |
| | ) | Los Angeles County |
| Defendants and Respondents. | ) | Super. Ct. No. KC045216 |
| _____ | ) | |

Under California's "one final judgment" rule, a judgment that fails to dispose of all the causes of action pending between the parties is generally not appealable. (Code Civ. Proc., § 904.1, subd. (a);[1] *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 740-741 (*Morehart*).) This case poses the question whether an appeal may be taken when the judgment disposes of fewer than all the pled causes of action by dismissal with prejudice, and the parties agree to dismiss the remaining counts without prejudice and waive operation of the statute of limitations on those remaining causes of action. We conclude such a judgment is not appealable. As a line of Court of Appeal decisions beginning with *Don Jose's Restaurant, Inc. v. Truck Ins. Exchange* (1997) 53 Cal.App.4th 115 (*Don Jose's*) has recognized, the parties' agreement holding some causes of action in abeyance for possible future litigation after an appeal from the trial court's judgment on others renders the judgment interlocutory and precludes an appeal under the one final judgment rule. We therefore reverse the judgment of the Court of Appeal

---

[1]   All unspecified statutory references are to the Code of Civil Procedure.

1

below, which declined to follow *Don Jose's* and its progeny and entertained an appeal from the interlocutory judgment rendered in the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Badrudin Kurwa and defendant Mark B. Kislinger, both ophthalmologists, undertook a venture to provide medical services to patients of a health maintenance organization and formed a corporation for that purpose. Several years later, plaintiff's license to practice medicine was suspended. Defendant then notified the health maintenance organization that plaintiff's participation in the enterprise was terminated and that the agreed medical services would henceforth be performed by defendant's medical corporation. The health maintenance organization terminated its agreement with the parties' joint corporation and executed a new agreement with defendant's corporation.

Plaintiff sued defendant for breach of fiduciary duty and defamation, among other claims. Defendant cross-complained for defamation. Ruling for defendant on his pretrial motions, the trial court concluded that once plaintiff and defendant had created a corporation to conduct their business, they owed each other no fiduciary duty. Plaintiff conceded he could not proceed on his cause of action for breach of fiduciary duty and related claims, which would therefore be dismissed with prejudice, as would other counts plaintiff expressly "abandon[ed]."

The parties, however, agreed to dismiss as well their respective defamation claims *without* prejudice and to waive the applicable statute of limitations. According to defense counsel, this would allow the parties to "test the issue" of fiduciary duty and "get a ruling" from the appellate court before disposing of the defamation claims, which were "kind of outside this whole discussion." The purpose of this agreed disposition, plaintiff's attorney further explained, was to "preserve" both defamation causes of action "for such time as this case may come back from appeal." The trial court ordered plaintiff's action dismissed with prejudice with the exception of the defamation cause of action, which, together

2

with defendant's cross-complaint, the court dismissed without prejudice. The court then entered judgment in favor of defendant, from which judgment plaintiff appealed.

The Court of Appeal held the judgment final and appealable, reasoning that because the defamation counts had been dismissed, they were no longer pending between the parties and the trial court had no jurisdiction to proceed further on any cause of action. The court acknowledged *Don Jose's*, *supra*, 53 Cal.App.4th 115, and its progeny were to the contrary, but declined to follow these decisions. On the merits, the Court of Appeal determined the superior court had erred in ruling defendant owed plaintiff no fiduciary duty on the facts pleaded, and reversed the judgment of the superior court.

We granted defendant's petition for review.

**DISCUSSION**

Section 904.1, subdivision (a) allows appeal "[f]rom a judgment, except . . . an interlocutory judgment . . . ." In *Morehart*, we explained that the rule codified in this provision, known as the one final judgment rule, precludes an appeal from a judgment disposing of fewer than all the causes of action extant between the parties, even if the remaining causes of action have been severed for trial from those decided by the judgment. "A judgment that disposes of *fewer* than all of the causes of action framed by the pleadings, however, is necessarily 'interlocutory' (Code Civ. Proc., § 904.1, subd. (a)), and not yet final, as to any parties between whom another cause of action remains pending." (*Morehart*, *supra*, 7 Cal.4th at p. 741.) The theory of the rule is that " 'piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.' (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 58, p. 113 [citations].)" (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697.)

3

*Morehart* disapproved an exception to the one final judgment rule recognized in *Schonfeld v. City of Vallejo* (1975) 50 Cal.App.3d 401 (*Schonfeld*) and cases following it. The *Schonfeld* exception allowed an appeal from a judgment that left unresolved some causes of action where the trial court had ordered the unresolved counts to be tried separately — or as some decisions following *Schonfeld* had stated, where the unresolved counts were both severed for trial and logically separate and independent from those resolved by the judgment. (*Morehart*, *supra*, 7 Cal.4th at pp. 738-740.)

The *Schonfeld* court had supported its exception by the existence of "unusual" circumstances that would result in "hardship and inconvenience" were the appeal delayed until all causes of action were resolved. (*Schonfeld*, *supra*, 50 Cal.App.3d at p. 418.) In *Morehart*, we explained that under California procedures such circumstances did not create appealability but could serve to justify review of the interlocutory judgment by petition for writ of mandate, a "more efficient avenue for obtaining a preliminary determination whether unusual circumstances make appellate review of an interlocutory judgment appropriate and, if the determination is affirmative, obtaining the review itself." (*Morehart*, *supra,* 7 Cal.4th at p. 743.) We concluded that "an appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining. . . . A petition for a writ, not an appeal, is the authorized means for obtaining review of judgments and orders that lack the finality required by Code of Civil Procedure section 904.1, subdivision (a)." (*Id.* at pp. 743-744.)

With *Schonfeld's* severance-for-trial exception disapproved, litigants experimented with other techniques to obtain an appellate ruling on some causes of action while preserving others for possible litigation later. In *Don Jose's*, the trial court granted the defendants' motion for summary adjudication on only two

4

of the plaintiffs' 11 causes of action, and the parties then stipulated that pending plaintiffs' appeal from the order, the remaining counts would be dismissed without prejudice and the defendants would waive all applicable statutes of limitations. (*Don Jose's*, *supra*, 53 Cal.App.4th at p. 117.)  As the appellate court described it, the parties' agreement provided "that in the event the plaintiffs' appeal . . . was successful and the matter was remanded, the action would proceed on all the causes of action set forth in the latest complaint.  On the other hand, if the appellate court affirmed the trial court's order, then the plaintiffs agreed to dismiss their remaining causes *with* prejudice." (*Ibid*.)

The Court of Appeal dismissed the appeal, condemning "the artifice of trying to create an appealable order from an otherwise nonappealable grant of summary adjudication by dismissing the remaining causes of action without prejudice but with a waiver of applicable time bars." (*Don Jose's*, *supra*, 53 Cal.App.4th at p. 116.)  In substance, the *Don Jose's* court explained, the proceedings below had disposed of only two causes of action, with the remaining nine left for later trial if the appeal was successful.  "[T]he one final judgment rule does not allow contingent causes of action to exist in a kind of appellate netherworld." (*Id*. at p. 118.)

In *Jackson v. Wells Fargo Bank* (1997) 54 Cal.App.4th 240, 242, the plaintiff pleaded eight causes of action, but the court granted summary adjudication for the defense on only seven, leaving unresolved a cause of action for malicious prosecution.  The parties stipulated that count would be dismissed without prejudice and could be refiled within 90 days of the decision on the plaintiff's appeal, regardless of the statute of limitations; the superior court entered a purported "final judgment" pursuant to the stipulation. (*Id.* at pp. 242-243.) Following *Don Jose's*, the *Jackson* appellate court held the judgment was interlocutory rather than final and hence not appealable.  The court observed that "appellant still has his malicious prosecution cause of action, because his dismissal of it was without prejudice and with a waiver of the statute of limitations.  Further,

5

he still has his right of appellate review regarding his other seven causes of action — but at the appropriate time and no earlier.  What he does *not* have is the right — even with a willing accomplice in the respondent — to separate those causes of action into two compartments for separate appellate treatment at different points in time."  (*Jackson, supra,* at p. 245.)

*Four Point Entertainment, Inc. v. New World Entertainment, Ltd.* (1997) 60 Cal.App.4th 79, followed *Don Jose's* and *Jackson* in similar procedural circumstances:  a ruling granting the defendant summary adjudication on plaintiff's tort causes of action, followed by voluntary dismissal of plaintiff's contract causes of action, as well as a complaint in intervention and a cross-complaint, with a stipulation that the contemplated appeal " 'shall not prejudice either party's future right to prosecute such [dismissed] claims and causes of action . . . following the conclusion of the appeal process.' "  (*Four Point Entertainment, Inc. v. New World Entertainment, Ltd.*, *supra*, at pp. 81-82.)  The Court of Appeal dismissed the appeal, noting that, as *Morehart* held, a petition for a writ of mandate is the appropriate means to seek review of an interlocutory order where justified, and that in the "run-of-the-mill procedural course in which a defendant was able to knock out some but not all of the plaintiff's claims," no immediate appellate review is provided:  "If we permitted stipulated 'final' judgments in every case like this one, we would in effect be permitting the parties to confer jurisdiction upon us where none exists."  (*Four Point Entertainment, Inc. v. New World Entertainment, Ltd.*, *supra*, at p. 83.)

In *Hill v. City of Clovis* (1998) 63 Cal.App.4th 434, after the superior court decided for the defense on certain causes of action, the parties stipulated that two causes of action in a cross-complaint were to be " '[d]ismissed without prejudice and the statute of limitations is tolled until 30 days after remittitur to the Superior Court.' "  (*Id.* at p. 442.)  The Court of Appeal, following *Don Jose's* and the other cases discussed above, held the judgment nonfinal and nonappealable.  "In effect, the judgment keeps these causes of action undecided and legally alive for future

6

resolution in the trial court. If we allowed the instant appeal to proceed, Clovis would remain free to refile the dismissed claims and try them in the superior court if our opinion made such action necessary or advisable. As such, the stipulated 'judgment' from which this appeal was taken is not final." (*Hill v. City of Clovis*, *supra*, at p. 445.)

The *Don Jose's* line of decisions continued in *Hoveida v. Scripps Health* (2005) 125 Cal.App.4th 1466. The trial court granted summary adjudication for the defense on all but one cause of action, that for breach of contract. The parties then stipulated that the plaintiff would dismiss that count without prejudice to its revival if his appeal on the other counts were successful and that the statute of limitations would be tolled during the appeal's pendency. (*Id.* at pp. 1467-1468.) Following *Don Jose's* and its progeny, the Court of Appeal held that "because the judgment does not dispose of all causes of action between the parties," the court lacked jurisdiction to hear the appeal. (*Hoveida*, *supra*, at p. 1469.)

Finally, in *Abatti v. Imperial Irrigation Dist.* (2012) 205 Cal.App.4th 650, 662-667 (*Abatti*), the Court of Appeal analyzed the *Don Jose's* line of decisions, concluding that what made the judgments in each of those cases nonappealable was the existence of a stipulation allowing for possible future litigation of the unresolved causes of action. Dismissal of some counts without prejudice, by itself, does not deprive a judgment of appealability, as "claims that are dismissed without prejudice are no less final for purposes of the one final judgment rule than are adjudicated claims . . . ." (*Abatti, supra,* at p. 665.) But where the parties have reached an agreement that assures the potential for future litigation of the dismissed claims, the judgment "lacks sufficient finality to be appealable pursuant to the one final judgment rule." (*Id.* at p. 667.) In *Abatti* itself, the judgment, which adjudicated the plaintiffs' claim under the California Environmental Quality Act (CEQA) but not their non-CEQA claims, was appealable because the unadjudicated causes of action had been voluntarily dismissed "without any waiver of the applicable statute of limitations as to the dismissed claims, and

7

without any stipulation that would facilitate the potential future litigation of the dismissed claims." (*Abatti, supra,* at p. 666.)

In the present case, the Court of Appeal majority noted the above decisions (except *Abatti*, which was not yet decided), but declined to follow them, reasoning as follows: "We interpret the term 'pending' more narrowly. In our view, a cause of action is pending when it is filed but not yet adjudicated. Such was the case in [*Morehart*]. The Supreme Court there held that the judgment was not final because the trial court which entered it continued to have jurisdiction over additional causes of action pending before it. While a cause of action which has been dismissed may be pending 'in the appellate netherworld,' it is not pending in the trial court, or in any other court, and thus cannot fairly be described as 'legally alive.' We conclude that, because no causes of action remained to be tried in the court which entered judgment in favor of Dr. Kislinger, and indeed that court had no jurisdiction to do anything except enter judgment, the judgment entered is final."

We disagree with the appellate court below, and agree with *Don Jose's* and the decisions following it, including *Abatti*. When, as here, the trial court has resolved some causes of action and the others are voluntarily dismissed, but the parties have agreed to preserve the voluntarily dismissed counts for potential litigation upon conclusion of the appeal from the judgment rendered, the judgment is one that "fails to complete the disposition of all the causes of action between the parties" (*Morehart*, *supra*, 7 Cal.4th at p. 743) and is therefore not appealable.

The Court of Appeal below was correct that causes of action the parties have dismissed without prejudice are no longer pending in the trial court, in the sense that no immediate action remains for the trial court to take on such counts. But where the parties, by waiver or agreed tolling of the statute of limitations or a similar agreement, have arranged for those causes of action to be resurrected upon completion of the appeal, they remain "legally alive" in substance and effect. (*Hill v. City of Clovis*, *supra*, 63 Cal.App.4th at p. 445.) The rule of the lower

8

court, under which a voluntary dismissal is considered to dispose of a cause of action regardless of any agreement facilitating its future litigation, elevates form over substance and permits parties to evade the one final judgment rule of section 904.1, subdivision (a), through what the *Don Jose's* court aptly called an "artifice." (*Don Jose's*, *supra*, 53 Cal.App.4th at p. 116.)

A plaintiff or cross-complainant has, of course, the right to voluntarily dismiss a cause of action without prejudice prior to trial. (§ 581, subds. (b)(1), (c).) And as the *Abatti* court explained, such a dismissal, unaccompanied by any agreement for future litigation, does create sufficient finality as to that cause of action so as to allow appeal from a judgment disposing of the other counts. (See *Abatti*, *supra*, 205 Cal.App.4th at p. 666.) That is because "a party's voluntary dismissal without prejudice does not come equipped by law with an automatic tolling or waiver of all relevant limitations periods; instead, such a dismissal includes the very real risk that an applicable statute of limitations will run before the party is in a position to renew the dismissed cause of action." (*Hill v. City of Clovis*, *supra*, 63 Cal.App.4th at p. 445.) But when the parties agree to waive or toll the statute on a dismissed cause of action pending an appeal, they establish an assurance the claim *can* be revived for litigation at the appeal's conclusion. It is that assurance — the agreement keeping the dismissed count legally alive — that prevents the judgment disposing of the other causes of action from achieving finality. (*Abatti*, *supra*, at p. 665.)

Where the dismissed causes of action are to be revived only if the appeal is successful (as was agreed in *Don Jose*'s and *Hoveida*, but not, at least expressly, in the present case), it might be debated whether the *Don Jose's* rule is needed to prevent multiple appeals. But, as we have previously recognized, the one final judgment rule can have salutary effects beyond simply reducing the number of appeals: avoiding " 'uncertainty and delay in the trial court,' " allowing for the possibility that " 'the trial court may completely obviate an appeal by altering the rulings from which an appeal would otherwise have been taken' " or that " '[l]ater

9

actions by the trial court may provide a more complete record which dispels the appearance of error or establishes that it was harmless,' " and giving the reviewing court " 'the benefit of a complete adjudication' " upon which it may tailor its remedies " 'by giving specific directions rather than remanding for another round of open-ended proceedings.' " (*Morehart*, *supra*, 7 Cal.4th at p. 741, fn. 9, quoting *Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 966-967.)

Plaintiff, though he adopts some of the lower court's reasoning, refrains from arguing against *Don Jose's* and its progeny. Instead, plaintiff urges us to apply the rule of those cases only where "the parties' stipulated dismissal without prejudice is endorsed by the trial court and incorporated into the judgment." Because the judgment here did not recite or incorporate the parties' agreement, plaintiff contends, the judgment should be deemed final and appealable.

We are not persuaded that whether the parties' agreement is formally incorporated into the judgment should be dispositive. In the present case, the parties announced their agreement in open court, explaining to the trial court that the dismissal without prejudice and waiver of the statute of limitations was intended to preserve the unresolved defamation counts until plaintiff's appeal on the breach of fiduciary duty issues was resolved; the trial court accepted the agreement, entering the voluntary dismissals in its minute order. That the agreed dismissal of the defamation claims without prejudice was only put on the record in open court and entered as a minute order, but not recited in the judgment itself, does not appear significant. The parties here agreed, expressly and on the record, that they would seek an appellate ruling on a portion of the action between them while holding the remainder, their defamation claims, in abeyance during the pendency of the appeal. This agreement ensured that the defamation claims, although formally dismissed, could be resurrected after the appeal, notwithstanding any statute of limitations bar. To permit this kind of manipulation of appellate jurisdiction — in effect, allowing the parties and trial court to

10

designate a substantively interlocutory judgment as final and appealable — would be inconsistent with the one final judgment rule.

In an amicus curiae brief, the California Academy of Appellate Lawyers catalogues numerous policy goals this court should consider in deciding appealability, including that a rule of finality should "allow parties as much autonomy and choice as possible" and should promote efficiency at the *trial* level as well as the appellate level, and more specifically that parties "should not be forced needlessly to try claims simply to obtain an appealable judgment." Some but not all of the Academy's members support a rule, similar to the Court of Appeal's below, to the effect that a dismissal without prejudice is a final disposition for appealability purposes even if accompanied by an agreement facilitating the claim's revival.

We are not free, however, to adopt whatever rule we find best balances the interests of party autonomy or trial and appellate efficiency. Unlike jurisdictions that provide for trial courts' selective entry of final judgments on fewer than all claims for relief (see, e.g., Fed. Rules Civ.Proc., rule 54(b), 28 U.S.C.) or for interlocutory appeals in the discretion of the reviewing court (see, e.g., 28 U.S.C. § 1292(b)), California law provides no case-by-case efficiency exception to the one final judgment rule for appealability. Where unusual circumstances justify it, review of interlocutory judgments may be obtained by petition for writ of mandate, but not by appeal. (§ 904.1, subd. (a); *Morehart*, *supra,* 7 Cal.4th at pp. 743-744.) The question is thus not what rule will best serve litigants and trial courts, but what rule is most consistent with the policy against piecemeal appeals codified in section 904.1 and vindicated in *Morehart.* In the present circumstances, we believe the *Don Jose's* rule, which prevents parties from agreeing to split an action's disposition into two or more appealable judgments, is the approach most consistent with our statute and precedent. The one final judgment rule does not permit parties "to separate [their] causes of action into two

11

compartments for separate appellate treatment at different points in time." (*Jackson*, *supra,* 54 Cal.App.4th at p. 245.)

Because the parties' defamation claims were dismissed without prejudice and were effectively preserved for later litigation by an agreement waiving applicable statutes of limitations, the judgment adjudicating other causes of action was not final or appealable. The Court of Appeal was required to dismiss, rather than decide, plaintiff's appeal from that judgment.

## DISPOSITION

The judgment of the Court of Appeal is reversed and the matter is remanded to that court with directions to dismiss the appeal.

**WERDEGAR, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**KENNARD, J.**
**BAXTER, J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**

12

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Kurwa v. Kislinger

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 204 Cal.App.4th 21
**Rehearing Granted**

_____

**Opinion No.** S201619
**Date Filed:** October 3, 2013

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Dan T. Oki

_____

**Counsel:**

Robert S. Gerstein; and J. Brian Watkins for Plaintiff and Appellant.

Harrington, Foxx, Dubrow & Canter, Dale B. Goldfarb, Carol G. Arnold, Daniel E. Kenney and John D. Tullis for Defendants and Respondents.

Robert A. Olson, Jay-Allen Eisen, Jon B. Eisenberg, Dennis A. Fischer, Robin B. Johansen; Severson & Werson and Jan T. Chilton for California Academy of Appellate Lawyers as Amicus Curiae.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Robert S. Gerstein
12400 Wilshire Blvd., Suite 1300
Los Angeles, CA  90025
(310) 820-1939

Dale B. Goldfarb
Harrington, Foxx, Dubrow & Canter
1055 W. Seventh Street, 29th Floor
Los Angeles, CA  90017
(213) 489-3222