Filed 4/17/14  Eszlinger v. United Studios of Self Defense CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KRIS ESZLINGER et al.,<br><br>    Plaintiffs, Cross-defendants and Appellants,<br><br>        v.<br><br>UNITED STUDIOS OF SELF DEFENSE, INC. et al.,<br><br>    Defendants, Cross-complainants and Appellants,<br><br>PAUL TAYLOR, et al.,<br><br>    Cross-defendants and Appellants. | G048174<br><br>(Super. Ct. No. 30-2010-00404621)<br><br>O P I N I O N |

            Appeal from a judgment of the Superior Court of Orange County, David R. Chaffee, Judge.  Motion to dismiss appeal and cross-appeal granted.  Appeal and cross-appeal dismissed.

            Law Offices of Thomas E. Francis and Thomas E. Francis for Plaintiffs, Cross-defendants and Appellants Kris Eszlinger, Hans Prosch, William Clark and Frank

Ley; Cross-Defendants and Appellants Paul Taylor, Mike Hattleburg, Brandon Leal, Russell Clegg, Z-Ultimate Self Defense Studios and Z-Ultimate Martial Arts Supplies.

Law Offices of Jim P. Mahacek and Jim P. Mahacek; Snell & Wilmer, Richard A. Derevan and Todd E. Lundell for Defendants, Cross-complainants and Appellants.

\*　　\*　　\*

THE COURT:\*

We dismiss the appeal and cross-appeal as premature and remand the matter to the trial court for entry of a final judgment and to consider any remaining postjudgment issues.

I

### A.  *Pretrial Proceedings*

The underlying litigation involves a dispute involving the business operations of various martial arts studios practicing a martial arts style which utilizes the kempo form of martial arts as developed by the Shaolin temple in China.  Defendant Charles Mattera is the chief executive officer of defendant United Studios of Self Defense, Inc. (USSD), which operates studios under the USSD name, principally by selling licenses and franchises.

Plaintiffs, by Mattera's description, were "long-time members of the USSD family" and "had grown up with USSD, from novice karate students, to instructors, to studio managers, and ultimately to senior level USSD executives . . . ."

In September 2004, plaintiffs contracted with Mattera to purchase his interests in various limited liability companies that held licenses for various USSD studios.  The relationship soured, and the purchase agreements were not consummated.

---

\* Before O'Leary, P. J., Rylaarsdam, J., and Aronson, J.

2

At some point, plaintiffs began offering mixed martial arts kenpo operations under the "Z-Ultimate" name.

In September 2010, plaintiffs sued defendants for breach of contract, slander, and declaratory relief. Plaintiffs alleged they tendered the final payments to complete the purchase, but Mattera refused to complete the transfer of his ownership. Plaintiffs sought declaratory relief whether USSD had exclusive rights to the use of Shaolin Kempo techniques and combinations and whether they could sever their relationships with USSD and operate their karate studios under the "Z-Ultimate" logo.

USSD, Mattera and several affiliated corporations collectively cross-complained against plaintiffs for allegedly entering into an "unlawful and secret plan to destroy Mattera and USSD" by illegally rebranding the USSD studios as Z-Ultimate studios.

In November 2010, plaintiffs moved to compel arbitration of their breach of contract claims against Mattera, and to stay trial of their tort claims and of the tort causes of action in the cross-complaint. Plaintiffs relied upon arbitration clauses in their purchase and sale agreements for the limited liability companies with Mattera.

Defendants opposed the stay on the ground that the "vast majority" of their cross-complaints had nothing to do with the agreements.

### B. Arbitration & Trial

In March 2011, the trial court (Judge Jamoa Moberly) granted plaintiffs' motion to compel arbitration as to the contractual causes of action, but denied plaintiffs' request to stay the remainder of the litigation pending completion of the arbitration proceedings.

As a result, the case proceeded on two parallel tracks, a jury/judge trial on the tort claims and cross-claims, and an arbitration on the plaintiffs' breach of contract actions.

Plaintiffs recovered $1 in nominal damages on their tort claims against defendants, with the jury awarding defendants $6.5 million in compensatory damages and $1.2 million in punitive damages on their cross-complaints.

Judge Chaffee, sitting without a jury, denied defendants any equitable or injunctive relief on their efforts to bar plaintiffs from using the Shaolin kempo system of training instruction at their Z-Ultimate branded martial arts studios. Instead, the court found "[t]he method and style of karate called Shaolin Kempo karate is not a trade secret, could not be a trade secret, and that something that is so publicly displayed in tournaments, in classes, in lectures and on the Internet repeatedly cannot in and of itself be a trade secret."

The arbitrator, retired judge James L. Smith of JAMS, awarded $470,991 to plaintiffs on their breach of contract claims.

On November 29, 2012, Judge Chaffee signed a judgment on the jury verdict, but reserved jurisdiction to determine the validity of the arbitration award. On December 12, 2012, defendants served and filed a document entitled "Notice of Entry of Judgment."

### C. Posttrial Proceedings & Notices of Appeal

Plaintiffs filed posttrial motions for new trial and for judgment notwithstanding the verdict. They also filed a petition to confirm the arbitration award, which defendants opposed as untimely and not correctly rendered.

By stipulation, Judge Chaffee held a hearing on the posttrial motions on February 1, 2013, and issued his rulings on February 11, 2013. Judge Chaffee ordered a new trial on defendants' claim for civil conspiracy, and a judgment notwithstanding the verdict on the causes of action for breach of fiduciary duty and constructive fraud. Judge Chaffee granted a conditional new trial on excessive damages, subject to a remittitur of compensatory damages from $6.5 million to $1.4 million, and punitive damages from the

4

original $1.2 million award to an aggregate of $275,000 against three individual plaintiffs.[1]

Defendants filed a notice of acceptance of the remittitur of the conditional new trial order, and moved ex parte to enter a proposed amended judgment reflecting acceptance of the remittitur. Plaintiffs filed their own proposed amended judgment, rejecting the remittitur.

On March 1, 2013, plaintiffs filed a notice of appeal from the November 29, 2012 judgment, as modified by the February 11, 2013 posttrial rulings.

On March 21, 2013, Judge Chaffee ruled on plaintiffs' petition to compel arbitration. Judge Chaffee granted the motion to confirm the arbitration award, but ordered that it be corrected to run against Mattera alone and not against the other defendants. Judge Chaffee determined that "the USSD entities were not proper parties to the arbitration because the contracts at issue were only between Mattera and [the limited liability companies], and [Judge Moberly's] order compelling arbitration was not directed to the USSD entities."

Judge Chaffee did not sign the minute order, and did not address the outstanding dispute between plaintiffs and defendants regarding acceptance or rejection of the remittitur.

On March 27, 2013, defendants filed a notice of cross-appeal from the adverse portions of the February 11, 2013 posttrial order conditionally granted a new trial and a judgment notwithstanding the verdict, as well as the March 21, 2013 minute order confirming the arbitration award.

---

[1] Defendants filed a notice of appeal from the November 29, 2012 judgment, but later abandoned this appeal.

5

### D. The Appeal & USSC's Motion to Dismiss

Russell Clegg, one of the appellants, filed a voluntary chapter 7 bankruptcy in federal court, thereby staying all legal actions against him. In late October 2013, the bankruptcy court entered an order granting relief from the automatic stay.

Defendants have filed a motion to dismiss plaintiffs' appeal on the ground that the November 29, 2012 judgment on the jury verdict is not an appealable final judgment. Defendants also request we "summarily reverse" as void the trial court's February 11, 2013 new trial order because "'the proper resolution of the appeal is so obvious and without dispute that briefing would not serve any useful purpose.'"

On October 28, 2013, we informed the parties we were considering dismissing both the appeal and cross-appeal as premature because of the lack of a final judgment. We asked for further briefing.

### E. Trial Court Proceedings During Pendency of Appeal

Without opposition, we have taken judicial notice of the parties' efforts during the course of this appeal to convince Judge Chaffee to sign and file a final judgment. The parties disagree about what this final judgment should be.

None of these efforts has been successful because of Judge Chaffee's concerns about appellate versus trial court jurisdiction.

In May 2013, Judge Chaffee, by minute order, denied without prejudice plaintiffs' and defendants' respective motions for entry of judgment. Instead, Judge Chaffee requested that the parties file papers to "explain the status of the appeal." The parties thereupon renewed their efforts to convince Judge Chaffee to adopt their views about the size of the judgment, and whether plaintiffs had the right to reject the remittitur.

On August 2, 2013, Judge Chafee, by minute order, declined to make any further rulings during the pendency of the appeal, reasoning that he lacked jurisdiction to do so. The court stated: "Following the hearing on the Motion for JNOV and Motion for New Trial this Court had planned and expected to modify certain elements of its rulings

6

and judgment to more appropriately conform to law . . . however before that could be done every conceivably judgment and order was appealed from. . . . In light of the pending appeals, the court does not have jurisdiction to enter the revised judgment requested."

II

Defendants correctly characterize as premature plaintiffs' appeal from the November 29, 2012 judgment. This judgment is not a final judgment because it never dealt with the causes of action that were subject to the arbitration award and plaintiffs' petition to confirm the arbitration award.

This state's "one final judgment" rule bars premature appeals from judgments that do not dispose of all causes of action pending before the parties. (Code Civ. Proc., § 904.1, subd. (a); *Kurwa v. Kislinger* (2013) 57 Cal.4th 1097 (*Kurwa*).)

In *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725 (*Morehart*), our Supreme Court directed the dismissal of a county's appeal from a trial court judgment invalidating several zoning ordinances as preempted by the Subdivision Map Act. The trial court's judgment was not appealable because, while resolving the landowner's causes of action for injunctive and declaratory relief, it failed to resolve the damage causes of action for inverse condemnation and civil rights violations. The trial court decided not to do so in the interests of judicial economy, because "'[i]t makes no sense to get involved in a protracted trial on various damage claims without obtaining a final resolution on the issue of the validity of the County's ordinance.'" (*Id.* at p. 736.) As a result, the trial court severed the damage claims from the declaratory and injunctive relief claims.

The Supreme Court disagreed, requiring that *all* causes of action, whether or not severed, be resolved in a single final judgment. "A judgment that disposes of *fewer* than all of the causes of action framed by the pleadings, however, is necessarily 'interlocutory' (Code Civ. Proc., § 904.1, subd. (a)), and not yet final, as to any parties

7

between whom another cause of action remains pending." (*Morehart, supra,* 7 Cal.4th at p. 741.)

As the Supreme Court subsequently explained in *Kurwa, supra,* 57 Cal.4th 1097, the one final judgment rule is designed to serve public policy by reducing multiple appeals in a single action, reasoning also that subsequent actions by the trial courts may obviate the need for an appeal altogether or simplify the appellate rulings by providing a more complete record, altering the ruling by which an appeal may be taken or allowing it to tailor the appellate remedies rather than remanding for a round of open-ended trial proceedings. (*Id.* at pp. 1105-1106.)

Both sides agree that the November 29, 2012 judgment following the jury verdict is not a final judgment. Rather than terminating the litigation between the parties, the court expressly reserved jurisdiction to determine the validity of plaintiffs' arbitration award. Because the judgment did not dispose of all the causes of action framed by the pleadings, it was interlocutory and nonappealable. We therefore dismiss plaintiffs' notice of appeal from the November 29, 2012 judgment.

### III

Defendants now contend that we should construe Judge Chaffee's minute order of March 21, 2013 as the final appealable judgment in this matter because, construed in conjunction with the November 29, 2012 judgment is "finally resolved the remaining claims, thereby *finally adjudicating all the claims and cross-claims asserted by the parties*." (Original italics.) For good measure, defendants contend the February 11, 2013 new trial order is "void," and the trial court no longer has jurisdiction to reconsider plaintiffs' new trial motions "[b]ecause the March 21, 2013, order constituted a final judgment, and because USSD timely appealed from that order . . . ."

We disagree. Appealable judgments and orders are governed by statute. (*Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1014-1015.)

The March 29, 2013 minute order fails to meet the statutory requirement for appealable orders for a number of reasons.

First, an order confirming an arbitration award is not made appealable by either Code of Civil Procedure sections 904.1, 1287.4 or 1294. As defendants acknowledge, "an order confirming an arbitration award is generally not considered an appealable final judgment, because ordinarily an appeal arises from a judgment entered after confirmation."

In *Cummings v. Future Nissan* (2005) 128 Cal.App.4th 321, an employee appealed from the trial court's order confirming an arbitration in favor of the employer, and "disdained" the suggested remedy for obtaining a judgment. On appeal, *Cummings* construed the employee's appeal as premature because of the "fundamental appellate principle" that "[a]n appeal lies only from the *judgment* entered on an order confirming an arbitration award, not from the order." (*Id.* at p. 326, original italics.) *Cummings* proceeded to consider the appeal on its merits only because the employer augmented the record with a signed copy of a judgment confirming the arbitration award.

Here, the March 21, 2013 minute order is an unsigned eight page minute order dealing only with the petition to confirm the arbitration award. It says nothing about any other aspect of the case. There is no judgment.

Second, defendants erroneously characterize the March 21, 2013 minute order as disposing of the entire case and leaving nothing left for judicial consideration. Defendants reach this particular feat of legerdemain by purporting to construe the March 29, 2013 minute order in conjunction with the earlier November 29, 2012 judgment. According to defendants, Judge Chaffee anticipated in the November 29, 2012 judgment that the judgment "would *automatically* become final once the [arbitration] award was confirmed." (Italics added.) "Thus, a final judgment was entered on March 21, 2013, and includes the $7.7 million jury verdict, minus $470,992.44 because the arbitration award was confirmed by the trial court."

9

Not so. Neither the parties below nor Judge Chaffee construed the March 29, 2013 minute order as "automatically" constituting a final appealable judgment. To the contrary, both plaintiffs and defendants submitted their own versions of a final appealable judgment, and Judge Chaffee himself expressed the court's intention to "modify certain elements of its rulings and judgment to more appropriately conform to law . . . ."

The March 21, 2013 minute order says nothing about how it is to be offset against the November 29, 2012 judgment. In fact, it does not mention the November 29, 2012 judgment at all.

How to apply the offset remains an open question. The original arbitration award issued against defendants as a group. In confirming the arbitration award in the March 21, 2013 minute order, Judge Chaffee ordered that it be corrected to run against Mattera alone. But Mattera is not named as a prevailing party in the multi-million award on the cross-complaint that is the subject of the November 29, 2012 judgment. (Only USSD and Bushido Martial Arts Supplies, Inc. are beneficiaries of the jury award.) How then is the arbitration award against Mattera to be used as an offset to a judgment in favor of USSD and Bushido? Plainly, such questions remain to be answered in a final judgment. We cannot reasonably conclude that the court's ruling of March 29, 2013 did, in fact, terminate the proceeding in the trial court by completely disposing of all the matters that remained in controversy in the case. A judicial act remains to be done.

Third, our construction of the March 29, 2013 minute order as a nonappealable interlocutory order fully comports with the public policy for bright-line rules between appealable and nonappealable orders. "'[E]very exception to the final judgment rule not only forges another weapon for the obstructive litigant but also requires a genuinely aggrieved party to choose between immediate appeal and the permanent loss of possibly meritorious objections.'" (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 757.)

10

The bright line of a formal judgment obviates the need for "excessive protective appeals" by parties who fear forfeiting their postjudgment rights to move for a new trial or to appeal from the original judgment.

Not until their motion to dismiss have defendants come up with their posthoc stratagem of treating the March 21, 2013 order as an appealable judgment. This has the obvious benefit (to defendants at least) of preventing any postjudgment relief since the time for such already would have run while the current (premature) appeal was pending in this court. We cannot countenance such a jurisdictional ambush of essential judicial processes. "[E]xceptions to the one final judgment rule should not be allowed unless clearly mandated. . . . A definite rule is necessary to reduce both the temptation to file dilatory appeals and the compulsion to file protective ones." (*Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 967-968.)

Because the trial court has yet to enter a final appealable judgment, we need not consider defendants' contentions that plaintiffs have forfeited their statutory rights to file postjudgment motions for new trial and for judgment notwithstanding a verdict. Under Code of Civil Procedure section 659, a party may move for a new trial either after a "decision" is rendered and before entry of judgment, or within a specified period after entry of judgment. Thus, the trial court still may consider posttrial issues concerning the November 29, 2013 judgment following a remand from this court since the jurisdictional deadlines for the filing of such motions have not commenced to run.

DISPOSITION

The appeal and cross-appeal are dismissed as premature in the absence of a final judgment. The matter is remanded to the trial court for the entry of a final judgment and the consideration of any remaining posttrial issues. In the interests of justice, the parties shall bear their own costs on appeal.