Filed 5/14/15  Marriage of Goveia and Kasberger CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of JOSEPH GOVEIA and LINDA E. KASBERGER. | |
| JOSEPH GOVEIA,<br><br>    Appellant,<br><br>        v.<br><br>LINDA E. KASBERGER,<br><br>    Respondent. | G051329<br><br>(Super. Ct. No. 07D005001)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Renee Wilson, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Motion to dismiss appeal granted.  Appeal dismissed.

Castle & Monarch, Michael J. Monarch, Snell & Wilmer, Richard A. Derevan, Greines, Martin, Stein & Richland LLP, Robin Meadow and Robert A. Olson for Appellant.

Law Offices of Steven E. Briggs, Steven E. Briggs and Luis A. McKissick for Respondent.

*     *     *

THE COURT:[*]

The parties to this marital dissolution proceeding bifurcated the issue of marital status for separate judgment and trial from reserved issues concerning the division of marital property.  While the family law court has issued a final judgment on marital status, the court has yet to issue a final judgment on the reserved issues, although it has issued a judgment which bears the label "Judgment on Reserved Issues."

Out of an excess of caution, the husband has taken an appeal from this "judgment," although both spouses contend such an appeal is premature because the trial court has yet to hold further hearings and issue a final judgment concerning the reserved matters.

We agree and dismiss the appeal from what amounts to a preliminary and interlocutory order.  Appellate review must await further proceedings and a final judgment.

### BACKGROUND

In April 2010, the family court filed a status only judgment of dissolution between appellant (Husband) and respondent (Wife).  The parties subsequently stipulated to appoint a referee (retired Judge Thomas Murphy) to determine an accounting for the use of community funds, with the family court (Commissioner Renee Wilson) to determine contested issues of breach of fiduciary duties and sanctions.

On November 21, 2014, Commissioner Wilson signed and filed a document entitled "Judgment on reserved issues."  The judgment and accompanying statement of decision endeavored to resolve disputed issues concerning Husband's alleged breach of his fiduciary obligations to Wife by failing to disclose a loan in excess of $1 million to Husband's business partner, as well as the partner's alleged partial repayment, among

---

[*] Before O'Leary, P.J., Bedsworth, J., and Fybel, J.

2

other matters involving Husband's fiduciary breaches in the investment of community funds and in payments to Husband. However, the November 21, 2014 judgment left numerous issues remaining for resolution, including characterizing and valuing various community assets and equalizing the division of community property as part of a final accounting, as well as issues concerning the amount of sanctions and attorney fees and costs. The November 21, 2014 judgment made no direction for payment of money by Husband.

Given the "dire consequences of not filing a timely appeal," Husband chose to "er[r] on the side of caution" by filing "what we believe is in fact a premature appeal." Husband, however, requested that this court address the issue of appealability "as soon as possible."

On March 13, 2015, this court, by order, informed the parties that it was considering dismissing the appeal for lack of an appealable order, and invited letter briefs on the subject.

In her letter brief, Wife agreed that the November 21, 2014 judgment was not appealable. "Commissioner Wilson still needs to make final orders regarding the attorney's fees, sanctions and/or penalties against [Husband]. Judge Murphy still needs to review evidence of accountings being completed by experts retained by each party, as well as testimony of witnesses, before he can make his recommendations as to amounts that are to be charged to each party. Upon completion of all these proceedings the final Judgment will be able to assess all amounts chargeable to each party, owed by one party to the other, and how to equalize the division of community property funds currently held in trust or frozen accounts."

## DISCUSSION

The "one final judgment" rule precludes an appeal while there are still pending proceedings. "Under California's 'one final judgment' rule, a judgment that fails

3

to dispose of all the causes of action pending between the parties is generally not appealable." (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1100.)

This holds true even for a postjudgment order that is preliminary or preparatory to later proceedings. It does not become ripe for appeal until the anticipated judgment is finally issued. (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1216 [dismissing postjudgment appeal where family court anticipated further judicial proceedings to adopt referee's findings following accounting].) "[T]he policies underlying the final judgment rule—avoiding piecemeal dispositions and multiple appeals, reducing uncertainty or delay in the trial court, and obtaining a single complete and final resolution of the issues presented—are best served by denying appellate jurisdiction under the present circumstances." (*Id.* at p. 1219.)

## DISPOSITION

In the absence of a final, appealable judgment between the parties, the appeal is dismissed. In the interests of justice, the parties will bear their own costs on appeal.