Filed 2/10/16  Robinson v. Cooper CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| STEPHEN P. ROBINSON, | B262826 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. EC056563) |
| v. | |
| DONALD E. COOPER et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mary H. Strobel, Judge.  Dismissed.

Law Office of Stephen P. Robinson and Stephen P. Robinson, in pro. per., for Plaintiff and Appellant.

Donald E. Cooper, in pro. per., for Defendants and Respondents.

Plaintiff, Stephen Robinson, purports to appeal from the December 18, 2014 final statement of decision filed after the completion of one of two phases of a court trial. Plaintiff's claims arose from a dispute with another attorney, former clients and three lien claimants. We noted that typically a litigant may not appeal from a statement of decision which does not resolve all of the issues between the parties. We have a duty to raise issues concerning our jurisdiction on our own motion. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Olson v. Cory* (1983) 35 Cal.3d 390, 398.) Because such an order did not appear to be appealable, we issued an order to show cause concerning possible dismissal of the appeal.

Plaintiff may not appeal from December 18, 2014 final statement of decision filed after the completion of one of two phases of a court trial. (*Allen v. American Honda Motor Co.* (2007) 40 Cal.4th 894, 901; *In re Marriage of Campi* (2013) 212 Cal.App.4th 1565, 1570-1571.) Further, the December 18, 2014 final statement of decision did not resolve all of the issues between the parties. An appeal may only be taken from a final judgment or order. (Code Civ. Proc., § 904.1, subd. (a)(1); *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697; *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304.) Our Supreme Court has explained: "'[A]n appeal cannot be taken from a judgment that fails to complete the disposition of all causes of action between the parties even if the causes of action disposed of by judgment have been ordered tried separately, or may be characterized as "separate and independent" from those remaining.' (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743 [(*Morehart*)].)" (*Griset v. Fair Political Practices Com., supra,* 25 Cal.4th at p. 697.) Later in 2013, our Supreme Court again emphasized the importance of the final judgment rule: "In *Morehart*, we explained that the rule codified in this provision, known as the one final judgment rule, precludes an appeal from a judgment disposing of fewer than all the causes of action extant between the parties, even if the remaining causes of action have been severed for trial from those decided by the judgment. 'A judgment that disposes of *fewer* than all of the causes of action framed by the pleadings, however, is necessarily "interlocutory" (Code Civ. Proc., § 904.1, subd. (a)), and not yet final, as to any parties

2

between whom another cause of action remains pending.' (*Morehart, supra,* 7 Cal.4th at p. 741.) The theory of the rule is that '"piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case." (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 58, p. 113 [citations].)' (*Griset v. Fair Political Practices Com.*[*, supra,*] 25 Cal.4th [at p.] 697)" (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1101.)

The December 18, 2014 phase one statement of decision did not resolve all the issues between the parties. Named as defendants in the second amended complaint are Donald E. Cooper, also a lawyer, and the two attorneys' former clients: Kevin Young Keen Chang; Jayne Eun Mee Chang; and Brandon Min Hyuk Chang. In addition, the second amended complaint alleges claims against three lien claimants, Margaret, Rick and Erik Jesmok. The prayer for relief in the second amended complaint seeks: an order that all defendants "interplead and litigate their claims" to a settlement draft; a declaration that plaintiff's lien is entitled to priority over those of the Jesmoks; a declaration that plaintiff is entitled to judgment in an amount equal to or greater than his lien; imposition of an involuntary trust on all settlement proceeds; and reformation of an agreement. The December 18, 2014 final statement of decision did not resolve all of the disputes between plaintiff and Mr. Cooper. The amount of any final judgment was dependent upon the outcome of the trial's second phase, which involves the former clients, the Changs, and the lien claimants, the Jesmoks. Moreover, as explained by Mr. Cooper, the parties are currently litigating cost issues arising from the December 18, 2014 final statement of decision. And that is because it would have been premature to resolve cost issues until the entry of a final judgment.

Further, there is no reason to deem the appeal to be from a subsequently entered judgment. The opening brief filed January 20, 2016, is in material part unreadable. Pages 2-27 consist of 95 paragraphs of record citations following terse headings such "Chimera (Issue 2 *only*)," "Waiver," "3-400(A) (Issue 1 *only*)" and "Cross-purposes." Further, any issue concerning the correctness of rulings relating to Mr. Cooper's codefendants as well as himself can be litigated in a single appeal. This case typifies the

3

concern expressed by our Supreme Court in both *Kurwa* and *Griset* that "'piecemeal disposition and multiple appeals in a single action'" can be oppressive and costly. (*Kurwa v. Kislinger, supra,* 57 Cal.4th at p. 1101; *Griset v. Fair Political Practices Com., supra,* 25 Cal.4th at p. 697)  We decline to exercise our discretion to increase the costs to the public and the parties by allowing for multiple separate appeals from a single judgment.  Future briefs in future appeals filed by plaintiff should be readable and avoid the errors occurring in both previously filed opening briefs.  The errors have been respectfully noted in this and the December 18, 2015 orders.  No disrespect is intended by the court's statements in this regard.  And if the litigation does not settle, the record in the present appeal may used in subsequent appellate proceedings.  (Cal. Rules of Court, rules 8.147(b), 8.155(a).)

The appeal is dismissed without prejudice.  All parties are to bear their own costs incurred on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


KUMAR, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.