Filed 2/22/16  Banta v. American Medical Response CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| VAUGHN BANTA,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE, INC., et al.<br><br>        Defendants and Respondents. | B255239<br><br>(Los Angeles County<br>Super. Ct. No. BC393113) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Elihu Berle, Judge.  Dismissed.

Van Vleck Turner & Zaller, Brian F. Van Vleck for Plaintiff and Appellant.

Epstein Becker & Green, Michael S. Kun for Defendants and Respondents.

_____

Plaintiff purports to appeal from the trial court's refusal to certify a class as to some—but not all—of his claims.  We dismiss for lack of a final, appealable judgment.

## FACTS

Vaughn Banta initiated a putative class action lawsuit against American Medical Response, Inc. (AMR) and related entities in 2008.  The operative pleading alleges that Banta, who is employed by AMR as a paramedic, failed to receive overtime pay, meal breaks, rest breaks, and itemized wage statements, in violation of the Labor Code.  This is allegedly a company policy affecting some 11,000 employees.

Banta sought class certification, identifying the class members as emergency medical technicians and paramedics in Southern California.  AMR opposed certification on the grounds that Banta failed to establish his adequacy as class representative or a "community of interest" on his claims.

At a hearing on February 25, 2014, the trial court granted class certification on AMR's alleged failure to pay overtime, and ordered the parties to meet and confer regarding the notice that must be given to class members.  The court denied class certification as to the meal and rest break claims, finding insufficient evidence to demonstrate a common issue, or that the matter would not require individualized inquiry.

## DISCUSSION

The "one final judgment" rule prohibits review of intermediate ruling until a final resolution of the case, because allowing multiple appeals in a single action is oppressive and costly.  (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697.)  The rule "reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals." (*Flanagan v. United States* (1984) 465 U.S. 259, 264.)

In the context of class actions, an exception "renders appealable only those orders that effectively terminate class claims but permit individual claims to continue." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 754 (*Baycol*).)  This is the "death knell" doctrine.  (*Ibid.*)  The justification for the death knell doctrine is that (1) the order is "the practical equivalent of a final judgment for some parties" that "'virtually demolishe[s] the

2

action as a class action'" and has the legal effect of "'a dismissal of the action as to all members of the class other than plaintiff,'" and (2) failing to treat the order as a de facto final judgment would likely foreclose any appeal. (*Id*. at p. 757, quoting *Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 699.)

Critically, the Supreme Court stressed that "orders that only limit the scope of a class or the number of claims available to it are not similarly tantamount to dismissal and do not qualify for immediate appeal under the death knell doctrine; only an order that *entirely terminates class claims* is appealable." (*Baycol*, 51 Cal.4th at pp. 757-758, italics added. Accord, *Walsh v. IKON Office Solutions, Inc.* (2007) 148 Cal.App.4th 1440, 1448 [only an order "denying a class certification motion in its entirety, and preserving only a claim for damages for the individual plaintiff" is appealable].)

Banta's statement of appealability does not acknowledge that the trial court certified a class for unpaid overtime. The minute order states, "The motion for class certification is granted as to the issue of overtime." This is not an appealable order. It does not "entirely terminate[ ] class claims" under *Baycol*. It does not "demolish the action as a class action." It does not foreclose an appeal following resolution of the overtime claims. At most, the order limits the scope of the class or the number of claims available to it. What is lacking is "a dismissal of everyone '*other* than plaintiff.'" (*Baycol*, *supra*, 51 Cal.4th at p. 758.)

Four days after Banta filed his notice of appeal, the parties stipulated that the trial court's certification of a class (and the need to send notice to class members) was "stayed pending resolution" of the appeal. The stipulation did not create a final judgment. Either the trial court certified a class as to the overtime claims, or it failed to enter a final order on the issue. Either way, the class claims continue until they are resolved at trial or dismissed "with prejudice." (*Aleman v. Airtouch Cellular* (2012) 209 Cal.App.4th 556, 584-586.) "[T]he parties' agreement holding some causes of action in abeyance for possible future litigation after an appeal from the trial court's judgment on others renders the judgment interlocutory and precludes an appeal under the one final judgment rule." (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1100.)

Apart from seeking to proceed with a class action, Banta also proceeds on behalf of similarly situated employees pursuant to Labor Code section 2698 et seq., the Private Attorney Generals Act (PAGA). Banta's statement of appealability does not acknowledge that his PAGA claims as to each cause of action are still pending below.

A plaintiff who seeks PAGA penalties "is not doing so as an individual, but instead as a representative of the state, and on behalf of similarly 'aggrieved' employees." (*Munoz v. Chipotle Mexican Grill, Inc.* (2015) 238 Cal.App.4th 291, 310.) The penalties are $100 for each aggrieved employee per pay period for the initial violation and $200 per employee for each subsequent violation. (Lab. Code, § 2699.) "Given the potential for recovery of significant civil penalties if the PAGA claims are successful, as well as attorney fees and costs, plaintiffs have ample financial incentive to pursue the remaining representative claims under the PAGA and, thereafter, pursue their appeal from the trial court's order denying class certification. Denial of class certification where the PAGA claims remain in the trial court would not have the 'legal effect' of a final judgment under the reasoning of *Baycol* and *Daar*." (*Munoz,* at p. 311, fns. omitted.)

For two reasons, then, this appeal must be dismissed. First, the trial court did not deny the class certification motion in its entirety: class certification as to overtime claims was granted, or remains viable. Second, plaintiff's PAGA claims on behalf of similarly aggrieved employees provide the requisite financial incentive to continue on. In the words of this Court, "The death knell has not yet sounded." (*Aleman v. Airtouch Cellular, supra,* 209 Cal.App.4th at p. 586.) We do not perceive any "'unusual circumstances'" that would justify treating this unjustified appeal as an extraordinary writ. (*Munoz v. Chipotle Mexican Grill, Inc., supra,* 238 Cal.App.4th at p. 312.)

## <u>DISPOSITION</u>

The appeal is dismissed.  Defendants are awarded their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.