Filed 12/6/22 Golbari v. Aminpour CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SHAHRAM GOLBARI, Plaintiff and Appellant, v. SAEID AMINPOUR, Defendant and Respondent. | B315897 (Los Angeles County Super. Ct. No. 20STCV08655) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Teresa A. Beaudet, Judge. Dismissed.

Vivoli Saccuzzo, Michael M. Vivoli, for Plaintiff and Appellant.

Law Office of Steven L. Joseph, Steven L. Joseph, for Defendant and Respondent.

Plaintiff Shahram Golbari seeks to appeal from a judgment entered following the trial court's order sustaining defendant Saeid Aminpour's demurrer to the second amended complaint without leave to amend. We asked the parties to submit letter briefs on whether the judgment, which did not appear to resolve all the issues then pending between the parties, was appealable under Code of Civil Procedure section 904.1, subdivision (a).

In his letter brief, defendant confirmed that his cross-complaint against plaintiff was then pending and reported that the trial court conducted the first phase in a bifurcated bench trial on that pleading during August 2022, with arguments in that phase having been scheduled for November 14, 2022. Defendant therefore asserted that the appeal should be dismissed as taken from an interlocutory judgment or order that did not resolve all the issues between the parties.

Plaintiff did not dispute that the cross-complaint was pending at the time he filed his notice of appeal, but nevertheless countered that the cross-complaint raises issues between the parties that are unrelated to the issues adjudicated in the complaint on demurrer. He therefore maintained that because the judgment on his complaint left nothing to be decided between the parties concerning that pleading, it was sufficiently final for appealability purposes under Code of Civil Procedure section 904.1, subdivision (a).

In *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, (*Morehart*), the Supreme Court held that "an appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and

independent' from those remaining." (*Id*. at p. 743.)  More recently, in *Kurwa v. Kislinger* (2013) 57 Cal.4th 1097 (*Kurwa*)), the court explained, "'A judgment that disposes of *fewer* than all of the causes of action framed by the pleadings, however, is necessarily "interlocutory" (Code Civ. Proc., § 904.1, subd. (a)), and not yet final, as to any parties between whom another cause of action remains pending.' (*Morehart, supra*, 7 Cal.4th at p. 741.)  The theory of the rule is that "piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case." [Citations.]' [Citation.]" (*Kurwa, supra*, 57 Cal.4th at p. 1101.)

Because the cross-complaint between the parties remained outstanding at the time of the filing of the notice of appeal, the judgment on the second amended complaint did not resolve all the claims then pending between plaintiff and defendant.  Based on the authorities above, the judgment was interlocutory and could not be reviewed on direct appeal.  We therefore dismiss plaintiff's appeal.

## DISPOSITION

The appeal is dismissed.   Defendant is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.

4