Filed 1/28/15  Wells Fargo Bank v. Bennett CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| WELLS FARGO BANK N.A., as Trustee, etc., et al., | |
| Cross-complainants and Respondents, | C072171 |
| v. | (Super. Ct. Nos. 45679, 50324) |
| DWIGHT A. BENNETT, | |
| Cross-defendant and Appellant. | |

Appellant Dwight A. Bennett appeals from a judgment in which the trial court granted respondent Wells Fargo Bank, N.A. (Wells Fargo) an equitable lien and an equitable mortgage on a 40-acre parcel of land in Susanville, California.  The judgment being appealed also reformed the deed of trust to the property to award a first priority security interest in favor of Wells Fargo.

Bennett contends the judgment must be reversed because (1) triable issues of fact precluded summary adjudication in favor of Wells Fargo, (2) Wells Fargo should not have been granted the equitable relief because it did not properly amend its cross-complaint, (3) insufficient evidence supports the judgment in favor of Wells Fargo, (4) no

1

receiver should have been appointed for the real property, and (5) a contempt order was erroneously imposed on him.

Wells Fargo counters that the appeal must be dismissed. To this end, Wells Fargo argues (1) the judgment is interlocutory in nature and cannot be appealed under the one final judgment rule, (2) the purported appeal from orders of receivership are untimely because the appeal was filed more than 180 days after entry of the challenged orders, and (3) review of a contempt order is only by writ, not direct appeal. We agree we lack jurisdiction and dismiss the appeal.

BACKGROUND

*The Litigation*

In 2010, Norman W. Allen sued numerous defendants including Bennett, Wells Fargo, and Judith A. St. John.[1] Allen sought tort damages, reformation of contract, and imposition of an equitable trust after he entered into an agreement with Bennett and St. John to partition a 54-acre property in Susanville, California. The partition mistakenly omitted certain improvements from Allen's 14-acre portion, which jeopardized a mortgage obtained by Allen from Option One Capital Mortgage Corporation. All of Allen's causes of action related to the partition and the parties' resulting property rights.

St. John filed a cross-complaint seeking, among other things, declaratory relief and indemnity from Bennett.

Wells Fargo also filed a cross-complaint for eight causes of action as successor trustee and beneficiary of a deed of trust to the partitioned property. Wells Fargo alleged the error in partitioning the property left Allen to pay for improvements Bennett and St. John ended up owning. Based on the erroneous partitioning, Wells Fargo sought declaratory relief, reformation of the deed of trust, imposition of an equitable lien, and

---

[1]     Allen is not a party to this appeal.

2

imposition of an equitable mortgage against Bennett, Allen, and St. John. Wells Fargo alleged equitable subrogation against Bennett and St. John. Wells Fargo also alleged negligent misrepresentation and professional negligence against cross-defendant Evans Appraisal Services, Inc. (Evans Appraisal). As to Allen, Wells Fargo also alleged rescission of the deed of trust.

Evans Appraisal in turn filed a cross-complaint against Bennett, Allen, and St. John for non-disclosure of material information and seeking indemnity from these cross-defendants.

In May 2011, Wells Fargo moved for summary adjudication on its claims for equitable lien and equitable mortgage. On July 20, 2011, Wells Fargo requested the appointment of a receiver for the property. After a hearing, the trial court appointed a receiver on July 21, 2011.

In November 2011, the trial court entered an order granting summary adjudication in favor of Wells Fargo on its claims for equitable lien and equitable mortgage. On July 19, 2012, the trial court entered a judgment on the summary adjudication that granted Wells Fargo an equitable lien and equitable mortgage over the 40 acres containing the improvements. The judgment also reformed the deed of trust to give Wells Fargo a first priority security interest in the 40 acres.

*The Partial Settlement Agreement*

In October 2012, Evans Appraisal filed a motion under Code of Civil Procedure section 664.6 to enforce a partial settlement agreement seemingly entered into by all parties except Bennett. Paragraph 16 of the partial settlement agreement provides, in pertinent part, that: "All Parties further understand and agree that . . . there are claims and causes of action[] remain[ing] to be litigated as relate[] to the REMAINDER PARCEL. Therefore, any Party will be allowed to introduce into evidence at any trial this Partial Settlement Agreement." Paragraph 17 recognizes: "This Partial Settlement Agreement does not settle or resolve claims between ALLEN, BENNETT, and

3

ST. JOHN as to ownership rights in the REMAINDER PARCEL. Those claims remain unresolved and will not be dismissed pursuant to this Agreement. . . . The only issue left to be determined by the Court at the hearing on Friday, August 19, 2011, will be a determination of the equitable percentage of ownership by ALLEN, BENNETT, or ST. JOHN to the REMAINDER PARCEL. The Court will resolve this issue by briefs with supporting financial contributions towards the maintenance, upkeep of the property. The Court will after determining the percentage of ownership among ALLEN, BENNETT, and ST. JOHN will order a partition by sale. The proceeds of which will be set in a percentage of ownership to be determined by the Court."

Allen objected to entry of judgment on the settlement agreement on grounds it had been obtained by coercion. Bennett also objected on grounds the partial settlement agreement divested him of rights even though "[t]he Bennett property remains Bennett's vested property."

The trial court has not yet resolved the validity of the partial settlement agreement. Moreover, litigation continues on Allen's complaint and the related cross-complaints.

### Bennett's Notice of Appeal

On September 24, 2012, Bennett filed a notice of appeal on the Judicial Council form (APP-002) in which he did not specify the date of the judgment(s) being appealed. Instead, he specified a multitude of bases for appealability in a seven-page attachment that cites numerous statutes. Bennett's notice seemingly focuses on the July 19, 2012, judgment on Wells Fargo's motion for summary adjudication as to Bennett.

## DISCUSSION

### I

### Appeal from Judgment after Summary Adjudication

Wells Fargo contends we lack jurisdiction over Bennett's appeal from an interlocutory judgment. We agree.

4

## A.

### *The One Final Judgment Rule*

The existence of an appealable order or judgment is a jurisdictional prerequisite for appellate review. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) As the California Supreme Court recently explained, "Under California's 'one final judgment' rule, a judgment that fails to dispose of all the causes of action pending between the parties is generally not appealable. (Code Civ. Proc., § 904.1, subd. (a); *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 740-741 (*Morehart* ).)" (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1100 (*Kurwa*), fn. omitted.) As the *Kurwa* court elaborated, " 'A judgment that disposes of *fewer* than all of the causes of action framed by the pleadings . . . is necessarily "interlocutory" (Code Civ. Proc., § 904.1, subd. (a)), and not yet final, as to any parties between whom another cause of action remains pending.' (*Morehart, supra*, 7 Cal.4th at p. 741.) The theory of the rule is that ' "piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case." (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 58, p. 113 [citations].)' (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697.)" (*Kurwa, supra*, at p. 1101.) Consequently, an appeal from an interlocutory judgment not otherwise made appealable by statute must be dismissed. (*Id.* at p. 1108.)

## B.

### *Bennett's Appeal is from an Interlocutory Judgment*

Bennett's notice of appeal appears to focus on the judgment entered by the trial court on July 19, 2012. In that judgment, the trial court granted Wells Fargo an equitable lien and equitable mortgage on the contested property. The judgment also reformed the deed of trust to give Wells Fargo a security interest in the property. However, the

judgment did not dispose of six of the eight causes of action brought by Wells Fargo that remain pending.[2]

Two of the pending causes of action (negligent misrepresentation and professional negligence) are against Evans Appraisal. One of the pending causes of action (rescission) is against Allen. However, three of the remaining causes of action are against Bennett for declaratory relief, reformation, and equitable subrogation. These causes of action against Bennett arise out of the same partition action as the equitable lien and equitable mortgage. Thus, there are unresolved issues that carry separate types of remedies if Wells Fargo is able to establish its remaining claims.[3] For this reason, the judgment being appealed is interlocutory in nature and not appealable. (*Kurwa, supra,* 57 Cal.4th at pp. 1100-1101.)

Bennett contends the judgment is final and appealable because he "has nothing left that could be awarded to any party, litigant or otherwise." Given that the trial court has not yet entered a final judgment disposing of the entirety of the contested property, it has not yet been established what property interest Bennett might have. Moreover, the unresolved causes of action against the various defendants might warrant declaratory relief, contract rescission, reformation of the contract, and/or damages. These remedies differ from each other in how they are measured and what wrong they address. (See, e.g., *Freeman & Mills, Inc. v. Belcher Oil Co*. (1995) 11 Cal.4th 85, 92.) Consequently, the

---

**2**     Wells Fargo's request for judicial notice of the pleadings and minute order filed in the trial court is granted. (Evid. Code, §§ 453, 459) However, we deny Wells Fargo's request for judicial notice of the transcript of proceedings of July 21, 2011, and further objections of defendant and cross-complainant St. John as unnecessary for the resolution of this appeal. (*JRS Products, Inc. v. Matsushita Electric Corp. of America* (2004) 115 Cal.App.4th 168, 174 & fn. 4.)

**3**     To be clear, we express no opinion on the merits of any of the claims that remain pending in the trial court in this case.

6

unresolved remaining claims of Wells Fargo preclude appeal by Bennett from the interlocutory judgment.

Bennett also asserts Wells Fargo "should be dismissed from the instant case and appeal or sanctioned under the doctrine of preclusion [*sic*] inconsistent positions, the statute of limitations, pursuant to [C]ode of Civil Procedure[] §§ 338 and/or 339, the 'one action rule,' or for lack of standing." We deem this contention forfeited for failure to develop the argument with meaningful analysis. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1117.) In any event, whether Wells Fargo should have been dismissed by the trial court has no bearing on whether we have jurisdiction to consider Bennett's appeal. Indeed, we note a failure to dismiss a party lacking standing is itself an issue that may be raised in a properly taken appeal. (E.g.*, People ex rel. Department of Conservation v. El Dorado County* (2005) 36 Cal.4th 971, 988.)

Bennett also seems to suggest the pendency of claims by Wells Fargo against Evans Appraisal does not mean all claims between himself and Wells Fargo have not been effectively adjudicated. Regardless of the status of claims between Wells Fargo and Evans Appraisal, there are unresolved causes of action between Bennett and Wells Fargo that render the judgment interlocutory and nonappealable in nature. Under the one final judgment rule, we lack jurisdiction to consider Bennett's appeal from the July 19, 2012, judgment in favor of Wells Fargo.

## II

### *Untimely Appeal from Orders Appointing Receiver*

In his opening brief, Bennett challenges the orders appointing a receiver for the property. Wells Fargo contends Bennett's notice of appeal is insufficient and his appeal from the orders was untimely. We agree on both grounds.

The orders challenged by Bennett were entered on July 21, 2011, November 17, 2011, and December 14, 2011. However, Bennett does not list these orders on the first page of his notice of appeal -- which does not specify any appealable judgment or order

7

by date. Bennett's accompanying seven-page attachment to the notice of appeal offers no clarity about what exactly he intends to appeal. Accordingly, Wells Fargo did not receive adequate notice and the appeal from the receivership orders may be dismissed on this ground alone. (See *Norco Delivery Service, Inc. v. Owens Corning Fiberglas, Inc.* (1998) 64 Cal.App.4th 955, 961 [even though notices of appeal are liberally construed, they are valid only if there is no confusion on part of respondent as to what is being appealed].)

Moreover, the notice of appeal was untimely as to the orders of receivership. The last of these orders was entered on December 14, 2011 –- a total of 285 days before Bennett filed his notice of appeal. Orders appointing receivers are immediately appealable. (Code Civ. Proc., § 904.1, subd. (a)(7).) And, appealable orders must be appealed at the earlier date of 60 days after notice of entry of the order or 180 days after the order was filed. (Cal. Rules of Court, rule 8.104(a)(1)(A) & (C).) Bennett's notice of appeal, being filed 285 days after the last challenged order, necessarily was untimely as to those orders.

Wells Fargo also contends that not all of the orders challenged by Bennett are appealable. We need not resolve the appealability of the November 17, 2011, and December 14, 2011, orders because –- regardless of appealability -- Bennett filed his notice of appeal 285 days after the last challenged order. Consequently, his notice of appeal is untimely and we lack jurisdiction.

### III

### *Civil Contempt is Challengeable Only by Writ Petition*

Finally, Bennett challenges an order entered August 19, 2011, which held him in contempt. However, a contempt judgment is not appealable. "[C]ontempt judgments are final, conclusive, and not appealable. ([Code of Civ. Proc.,] §§ 1222 & 904.1.) Therefore, courts have found that writ proceedings are appropriate vehicles for review of contempt orders." (*In re Holmes* (1983) 145 Cal.App.3d 934, 941; accord *Davidson v.*

8

*Superior Court* (1999) 70 Cal.App.4th 514, 522 [noting "[a] contempt judgment is not appealable . . . and must be reviewed, if at all, by writ"].)  Accordingly, Bennett may not appeal the contempt order entered against him.

## DISPOSITION

The appeal is dismissed.  Wells Fargo Bank, N.A., shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


                                            HOCH     , J.


We concur:



      BUTZ     , Acting P. J.



      MAURO   , J.

9