[Civ. No. 9931. Fourth Dist., Div. One. Oct. 21, 1970.]

JULES FLEURET et al., Plaintiffs, Cross-defendants and Respondents, v. HALE CONSTRUCTION CO. et al., Defendants, Cross-complainants and Appellants; UNITED PACIFIC INSURANCE COMPANY, Cross-defendant and Respondent.

**COUNSEL**

Horton, Knox, Carter & Foote and Orlando B. Foote for Defendants, Cross-complainants and Appellants.

Kenneth E. Lewis for Cross-defendant and Respondent.
Charles F. Sturdevant, Jr., for Plaintiffs, Cross-defendants and Respondents.

**OPINION**

**BROWN (Gerald), P. J.**—Hale Construction Co. appeals from a judgment it take nothing on its cross-complaint. Hale, as prime contractor on an Imperial County road project, was sued by Fleuret-Stillman Co., one of its subcontractors, for money due under its subcontract. Hale filed a cross-action (called a cross-complaint) claiming money damages for breach of the subcontract by Fleuret-Stillman Co. The cross-action also joins as a cross-defendant United Pacific Insurance Co., surety for Fleuret-Stillman under its faithful performance bond. Other parties are involved in the action and cross-action, but their positions are not material to the determination of this appeal.

Hale and Fleuret-Stillman agreed to try the issues of their liability on the complaint and cross-complaint first. The trial court found Fleuret-Stillman was excused by Hale's action from performing its subcontract. The court signed findings of fact and conclusions of law as they related to the

liabilities of Hale and Fleuret-Stillman on the cross-complaint and entered a judgment Hale take nothing by its cross-complaint. The issues raised by Fleuret-Stillman's complaint and Hale's answer in the principal action have not been found by the court, damages have not been assessed, no judgment has been entered on the complaint and the principal action still pends.

Hale and Fleuret-Stillman are the primary parties involved in the cross-complaint and are also the primary parties in the principal action on Fleuret-Stillman's complaint. The cross-complaint involves the same contract and same transaction as the complaint. The rights of Fleuret-Stillman and Hale have not been completely determined.

Ordinarily there may be but one final judgment in an action. A cross-complaint is not considered sufficiently independent to allow a separate final judgment to be entered upon it (*Sjoberg* v. *Hastorf*, 33 Cal.2d 116, 118 [199 P.2d 668]). The purported "Judgment on Cross-complaint," from which this appeal is taken, is premature and nonappealable. It may not be entered until judgment determining the rights of the parties to the complaint is entered.

While the agreement for a partial trial related to the liability issues of Hale and Fleuret-Stillman, the judgment entered on the cross-complaint orders "Cross-Complainants take nothing by their Cross-Complaint from Cross-Defendants." On its face the judgment purports to adjudicate the rights of cross-defendant United Pacific Insurance Co.

United Pacific Insurance Co. contends the judgment in its favor on the cross-complaint falls within an exception to the one final judgment rule allowing a final appealable judgment which determines the rights of a cross-defendant not otherwise a party to the action (*Trask* v. *Moore*, 24 Cal.2d 365, 373 [149 P.2d 854]). The exception only applies, however, where the interests of the otherwise uninvolved party are separate and distinct from the interests of parties whose rights have not been finally determined. Such is not the case where the action is against a principal obligor and a surety on its bond. There is such a unity of interests between the surety and its principal, a partial judgment in favor of the surety is not a final judgment from which an appeal lies so long as the rights of its principal have not been determined by a final judgment. This is so even though the surety is not otherwise involved as a party to the lawsuit (*Call* v. *Alcan Pacific Co.*, 251 Cal.App.2d 442, 449 [59 Cal.Rptr. 763]).

United Pacific also contends it was entitled to entry of a final judgment under the provisions of Code of Civil Procedure section 598 since this was a trial bifurcated as to the issue of liability and the decision of the court was in favor of it, a party on whom liability was sought to be imposed.

It does not appear the agreement to bifurcate liability issues included issues of United Pacific's liability nor do the findings of fact and conclusions of law relate to United Pacific's liability. We need not determine whether the judgment may be sustained insofar as its purports to adjudicate United Pacific's rights. We are satisfied the authority to enter judgment in favor of a party on whom liability is sought to be imposed under Code of Civil Procedure section 598 extends only to parties who would be entitled to a separate final judgment under the one final judgment rule.

The judgment as to United Pacific on the cross-complaint was prematurely entered and is nonappealable.

None of the exceptions to the one judgment rule appear in this case. We do not here have a partial judgment finally determining all separate and distinct interests of a party to the litigation or a final determination of a collateral matter distinct and severable from the general subject matter of the litigation (see 3 Witkin, Cal. Procedure (1954) Appeal, §§ 11-12).

Appeal dismissed.

Whelan, J., and Ault, J., concurred.

A petition for a rehearing was denied October 30, 1970.