Filed 7/22/13  Fiorini v. Phusion Projects CA5

(Unmodified versions of opn. and prior modification order attached)

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BRETT A. FIORINI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>PHUSION PROJECTS, LLC et al.,<br><br>    Defendants and Respondents. | F067046<br><br>(Fresno Super. Ct. No. 11CECG03802)<br><br><br>ORDER MODIFYING OPINION<br>(CHANGE IN JUDGMENT) |

The opinion filed on June 20, 2013, is modified in the following particulars:

The Disposition paragraph on page 5 of the Opinion is deleted and the following paragraph inserted in its place:

> The appeal is dismissed as to defendants Donaghy and Phusion only.
> No costs are awarded.

> This modification changes the judgment.

_____
                                                        Levy, Acting P.J.

WE CONCUR:

_____
Gomes, J.

Filed 7/8/13  Fiorini v. Phusion Products CA5 (unmodifed version)

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE

## COURT OF APPEAL OF THE STATE OF CALIFORNIA

IN AND FOR THE

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| BRETT A. FIORINI, | F067046 |
| Plaintiff and Appellant, | (Fresno Super. Ct. No. 11CECG03802) |
| v. | **ORDER** |
| PHUSION PROJECTS, LLC et al., | **ORDER MODIFYING OPINION (CHANGE IN JUDGMENT)** |
| Defendants and Respondents. | |

BY THE COURT:

It is ordered that the opinion filed herein on June 20, 2013, be modified as follows:

The disposition on page 5 is deleted and the following inserted in its place:

### <u>DISPOSITION</u>

"The appeal is dismissed as to defendants Donaghy and Phusion only."

This modification changes the judgment.

_____
Levy, A.P.J.

WE CONCUR:

_____
Gomes, J.

_____
Franson, J.

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BRETT A. FIORINI, | F067046 |
| Plaintiff and Appellant, | |
| v. | (Fresno Super. Ct. No. 11CECG03802) |
| PHUSION PROJECTS, LLC et al., | **O P I N I O N** |
| Defendants and Respondents. | |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Kristi C. Kapetan, Judge.

William L. Schmidt for Plaintiff and Appellant.

No response for Defendants and Respondents.

-ooOoo-

_____

*Before Levy, A.P.J., Gomes, J., and Franson, J.

## STATEMENT OF THE CASE AND FACTS

Plaintiff and appellant Brett A. Fiorini (Fiorini) sued defendants and respondents Donaghy Sales, LLC (Donaghy), Phusion Projects, LLC (Phusion), and City Brewing (City Brewing), after the death of Fiorini's son allegedly from ingesting Four Loko alcoholic/energy beverage. Following dismissal of Fiorini's complaint as to Donaghy on November 19, 2012, and Fiorini's complaint as to Phusion on November 27, 2012, notices of entry of judgment as to defendants Donaghy and Phusion were filed on December 3 and 5, 2012. Rather than appeal from these judgments, Fiorini waited until the court entered judgment on February 19, 2013, following the granting of City Brewing's motion for judgment on the pleadings. Fiorini filed the notice of appeal on April 2, 2013, within 60 days of judgment as to City Brewing, but more than 60 days of judgment as to Donaghy and Phusion.

This court issued an order informing Fiorini that the court was considering dismissing the appeal on the ground that the notice of appeal filed by him seeking review of the judgments of dismissal as to Donaghy and Phusion was untimely. (See Cal. Rules of Court, rule 8.104.) Fiorini responded claiming the arguments asserted by Donaghy and City Brewing in their motion for judgment on the pleadings were interrelated, concerned the same legal issues and, that until the judgment was entered as to City Brewing, there had been no "one final judgment." In appellant's words, "the orders and judgments as to Donaghy and Phusion should not be deemed to have amounted to appealable judgments as the lower court was actively, at the time, considering the arguments and legal issues which related to Donaghy and Phusion's demurrers. In considering City Brewing's motion for judgment on the pleadings, the lower court was free to, and very well could have, reversed itself as to its rulings relative to Donaghy and Phusion."

2

## DISCUSSION

"It is settled that the rule that an appeal may not be taken from an 'interlocutory' judgment] does not apply when the case involves multiple parties and a judgment is entered which leaves no issue to be determined as to one party." (*Justus v. Atchison* (1977) 19 Cal.3d 564, 568.) In a multiparty action, if all issues are resolved as to one party, then the judgment is final as to that party. (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 437; see also 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 109, p. 174.) The trial court issued judgment as to Donaghy and Phusion on November 19, 2012, and November 27, 2012, respectively. No issue was left to be decided as to those two defendants. The judgment was final as to those defendants at that time.

Fiorini claims that the exception to the one final judgment rule does not apply if the party involved in the judgment has a unity of interest with another party not yet finally determined.

*Millsap v. Federal Express Co*. (1991) 227 Cal.App.3d 425 provides some guidance. In *Millsap*, Lisa Millsap was injured when her car was struck by an automobile driven by Christopher Pence. As relevant, Millsap brought an action against Pence and against North Country Express (NCE) and Federal Express Corporation (FEC). NCE and FEC filed separate summary judgment motions. The motions were heard together, but on July 18, 1989, the court ordered summary judgment in favor of FEC, but did not mention NEC. Judgment was entered on the order on July 26, 1989, and notice of entry of the judgment was mailed on August 7, 1989. On August 4, 1989, Millsap moved to vacate the order on several grounds including confusion engendered by the fact the July 26 order ruled only on FEC's motion. On October 13, 1989, the court ordered that the order granting summary judgment as to FEC will remain in effect and that summary judgment was granted as to NCE. Judgment as to NCE was entered on December 7, 1989, along with an order denying Millsap's pending motion to vacate.

3

Millsap filed a notice of appeal on January 4, 1990, more than 60 days after entry of judgment as to FCE, but within 60 days of judgment as to NCE. The First District Court of Appeal dismissed Millsap's appeal as to FCE on the ground it was untimely. The court explained:

> "Millsap argues that the July 26 judgment was 'incomplete, did not address the issues before the court, and contained a blatant and prejudicial falsehood which necessitated correction.' These factors do not extend the time for filing. Millsap's remedy, which she followed, was to file a motion to reconsider and a motion to vacate. Such motions, however, do not dispose of the necessity of taking a timely appeal from the allegedly defective judgment or order; they merely permit a party an extension of time in which to take that appeal. Nor is it relevant that the July 26 order, which clearly entered judgment in favor of FEC, failed to mention NCE. 'It is settled that the rule [that an appeal may not be taken from an "interlocutory" judgment] does not apply when the case involves multiple parties and a judgment is entered which leaves no issue to be determined as to one party.' (*Justus v. Atchison* (1977) 19 Cal.3d 564, 568; overruled on other grounds in *Ochoa v. Superior Court* (1985) 39 Cal.3d 159, 171.)[2]"
> *Millsap v. Federal Express Co.*, *supra*, 227 Cal.App.3d at p. 430.)

Fiorini's notice of appeal is untimely since at the time judgment was entered in Donaghy and Phusion's favor there were no issues left to be determined

---

[2] "Millsap may have been attempting to raise the point that this exception to the one final judgment rule does not apply if the party involved in the purported judgment has such a unity of interests with another party that its interests cannot be finally determined until those of the uninvolved party are finally resolved. In such a case the judgment purported to be final as to one party is deemed no more than an interlocutory order. (See *Fleuret v. Hale Constr. Co.* (1970) 12 Cal.App.3d 227, 230, 90 Cal.Rptr. 557, involving a surety and a principal.) This rule has no application here, where although one of two theories of defense asserted by FEC was identical to that asserted by NCE (i.e., that Pence was an independent contractor), the rights of FEC and NCE are not interdependent. Moreover, the court's ruling specified that it was based on an understanding that NCE was an independent contractor of FEC. Thus, the court did not rule on the defenses shared by FEC and NCE.]"

4

as to Donaghy and Phusion and the rights of Donaghy, Phusion, and City Brewing were not interdependent.

## DISPOSITION

The appeal is dismissed.