Filed 3/28/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| EHM PRODUCTIONS, INC., | B281594 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BS164473) |
| v. | |
| STARLINE TOURS OF HOLLYWOOD, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael J. Raphael, Judge. Affirmed.

Lex Opus, Mohammed K. Ghods, Jeremy A. Rhyne, and Lori Speak for Defendant and Appellant.

Boies Schiller Flexner, Linda M. Burrow and Kelly L. Perigoe for Plaintiff and Respondent.

Starline Tours of Hollywood, Inc. (appellant) appeals from a judgment confirming an arbitration award. The arbitration involved a contract dispute between appellant and EHM Productions, Inc. doing business as TMZ (respondent) regarding appellant's duty to defend respondent in a lawsuit brought by appellant's bus drivers. Respondent obtained an award requiring appellant to defend respondent in the bus driver action. Following arbitration, the award was confirmed by a JAMS appellate panel. Respondent filed a petition to confirm the award, which was granted. Appellant appealed, and this court affirmed the award on October 4, 2017.[1]

After respondent filed its petition to confirm the arbitration award, the JAMS appellate panel determined that appellant owed respondent $41,429.92 in costs. Following confirmation of the initial arbitration award, respondent sought, and received, confirmation of the cost award. Appellant now appeals from the second judgment granting respondent's petition to confirm the cost award. Appellant's sole contention on appeal is that the trial court erred by entering two consecutive judgments resulting from the same arbitration. We find that appellant has failed to demonstrate error, therefore we affirm the second award.

**BACKGROUND**

In August 2012, appellant and respondent entered into a written contractual agreement captioned "TMZ-Starline Tour Bus Agreement." The agreement solidified the parties' intent to run a "TMZ branded, multi-media Hollywood bus tour in Southern California."

In December 2012, several bus drivers filed a putative class action against appellant alleging that it had violated certain

---

[1] *EHM Productions, Inc. v. Starline Tours of Hollywood, Inc.*, B277311 [nonpub. opn.].

2

wage and hour laws. The named plaintiffs sought to represent all similarly situated employees regardless of whether they worked in connection with the TMZ tour or one of appellant's other tours. On June 14, 2013, the putative class action complaint was amended to add TMZ Productions, Inc. (TMZ Productions) as a defendant.

Respondent tendered its defense to appellant. Appellant responded that it had no duty to indemnify TMZ Productions, but offered to indemnify under certain conditions.

In August 2013, respondent retained counsel to represent respondent and TMZ Productions. Between June 2013 and January 2014, respondent voluntarily agreed with the plaintiffs in the underlying lawsuit to be added as a defendant in order to secure the dismissal of TMZ Productions. The plaintiffs added respondent as a defendant in January 2014 and voluntarily dismissed TMZ Productions in April 2014.

## PROCEDURAL HISTORY

**The arbitration**

On June 2, 2014, respondent filed a demand for arbitration, alleging breach of contract by appellant arising from its refusal to defend respondent in the underlying lawsuit. Respondent sought a declaration that appellant was required to defend TMZ Productions and respondent. Respondent sought an award of its costs and fees incurred through January 31, 2015, and a declaration that appellant is required to pay respondent's reasonable attorney fees as they are incurred going forward.

**The partial final award**

On June 8, 2015, the arbitrator issued a "partial final award." The arbitrator found that appellant was obligated to defend TMZ Productions and respondent in the underlying lawsuit. The arbitrator ordered appellant to pay respondent $185,725 for its attorney fees and $15,836.83 for its costs

incurred in the underlying action through January 31, 2015. The arbitrator further ordered appellant to pay respondent's reasonable attorney fees and costs in the underlying action going forward. The arbitrator expressly reserved jurisdiction over the matter "to ensure enforcement of [appellant's] defense obligation, payment of [respondent's] reasonable attorneys' fees and costs, and to resolve any dispute regarding indemnity, if necessary."

Appellant appealed the award under the JAMS Optional Appeal Procedure, as permitted in the parties' agreement. The appellate panel affirmed the arbitrator's partial final award in its entirety. The determination of costs on appeal was reserved for further decision.

On May 9, 2016, respondent filed a petition to confirm the partial final award in Superior Court. Starline opposed the petition on numerous grounds. On June 21, 2016, the trial court granted the petition, ordering respondent to give notice and prepare and serve a proposed order. Appellant objected to the proposed order. The court held a hearing on July 27, 2016. At the conclusion of the hearing, the court signed an amended judgment confirming the arbitration award.

On August 26, 2016, appellant filed an appeal from the judgment. On October 4, 2017, this court filed an opinion affirming the judgment in full.

**Award of costs for the JAMS appeal**

On May 12, 2016, three days after respondent filed its petition to confirm the partial final award, the JAMS appellate panel issued its "Final Award on Appeal" (cost award), determining respondent's costs for the JAMS appeal.[2] The cost award granted respondent $41,429.92 in costs.

---

[2] The JAMS appellate panel had reserved this issue in its April 11, 2016 order.

On August 22, 2016, respondent petitioned for confirmation of the cost award. Appellant opposed the petition, arguing, among other things, that respondent waived its right to obtain confirmation of the cost award by failing to present it for confirmation prior to the entry of the first judgment.

The trial court rejected appellant's arguments and entered a judgment confirming the cost award on January 23, 2017. The court ordered appellant to pay respondent $41,429.92 in accordance with the cost award. The court cited *Hightower v. Superior Court* (2001) 86 Cal.App.4th 1415, 1434 (*Hightower*), for the proposition that "'utilization of a multiple incremental or successive award process' may be appropriate."

**Appeal of the cost award**

Appellant filed a timely notice of appeal of the cost award on March 20, 2017.

**DISCUSSION**

**I. Standard of review**

The trial court's decision granting respondent's petition to confirm the cost award is reviewed de novo. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9.) If the trial court's ruling relies on a determination of disputed factual issues, we apply the substantial evidence test on those particular issues. (*Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1217.) Where error is shown, this court may not set aside the order unless the error prejudiced the appellant. (Cal. Const. art. VI, § 13; Code Civ. Proc., § 475.)

We briefly review the procedures leading up to confirmation of an arbitration award. Pursuant to Code of Civil Procedure section 1285, any party to an arbitration in which an award has been made may petition the court to "confirm, correct

or vacate the award."[3]  Once a petition to confirm an award is filed, the superior court must select one of only four courses of action:  it may confirm the award, correct and confirm it, vacate it, or dismiss the petition.  (*Cooper v. Lavely & Singer Professional Corp.* (2014) 230 Cal.App.4th 1, 11.)  "[I]t is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11.)  Under section 1286.2, the court may vacate the award only under "'very limited circumstances.'" (*Roehl v. Ritchie* (2007) 147 Cal.App.4th 338, 347.)  Neither the trial court, nor the appellate court, may "review the merits of the dispute, the sufficiency of the evidence, or the arbitrator's reasoning, nor may we correct or review an award because of an arbitrator's legal or factual error, even if it appears on the award's face.  Instead, we restrict our review to whether the award should be vacated under the grounds listed in section 1286.2.  [Citations.]"[4]  (*Ibid.*)

---

[3]  All further statutory references are to the Code of Civil Procedure.

[4]  Pursuant to section 1286.2, a court may vacate an arbitration award if the court determines any of the following:

"(1) The award was procured by corruption, fraud, or other undue means.

"(2) There was corruption in any of the arbitrators.

"(3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator.

"(4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.

"(5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by

## II. Appellant has failed to show that the one final judgment rule precludes confirmation of the cost award

Appellant argues that the incremental judgments entered in this case violate the one final judgment rule. (*Fleuret v. Hale Constr. Co.* (1970) 12 Cal.App.3d 227, 230 (*Fleuret*) ["[o]rdinarily there may be but one final judgment in an action"].) Appellant argues that "'"[p]iecemeal disposition[s]"'" in a single action are "'"oppressive and costly"'" and may result in multiple appeals. (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1101 (*Kurwa*).) Appellant argues that no case sanctions the entering of multiple independent judgments on an arbitration award and its subsequent cost award arising from a single arbitration.

The authority cited by appellant does not support appellant's position that the one final judgment rule prevented the trial court from confirming the cost award in this case. *Fleuret* involved a direct action and a cross-action. The trial court found in favor of the cross-defendants on the cross-complaint and entered a judgment that the cross-plaintiff take nothing on his cross-complaint. However, the issues raised in the direct action, and the resulting damages, had not been determined, and no judgment had been entered on the original complaint. Under those circumstances, the court determined that "[a] cross-complaint is not considered sufficiently independent to allow a separate final judgment to be entered upon it. [Citation.]" (*Fleuret, supra,* 12 Cal.App.3d at p. 230.)

---

other conduct of the arbitrators contrary to the provisions of this title.

"(6) An arbitrator making the award either: (A) failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware; or (B) was subject to disqualification upon grounds specified in Section 1281.91 but failed upon receipt of timely demand to disqualify himself or herself as required by that provision."

7

The case does not address a situation where, as here, a cost award is entered subsequent to the entry of a partial final award in arbitration.

Nor does *Kurwa*. *Kurwa* explains that "[u]nder California's 'one final judgment' rule, a judgment that fails to dispose of all the causes of action pending between the parties is generally not appealable. [Citations.]" (*Kurwa, supra*, 57 Cal.4th at p. 1100.) The case posed the question of "whether an appeal may be taken when the judgment disposes of fewer than all the pled causes of action." (*Ibid.*) In *Kurwa*, the judgment disposed of certain counts by dismissal with prejudice. The remaining counts were dismissed without prejudice, and operation of the statute of limitations was waived. Under those circumstances, the judgment was not appealable. The case does not suggest that the trial court erred in confirming the cost award in this case.

Appellant has failed to provide legal support for its argument that the one final judgment rule precludes confirmation of the cost award in this matter. Further, as the trial court pointed out, *Hightower* suggests that an incremental award process may be appropriate in situations where not all issues may be resolved at the time of the initial partial final award. (*Hightower, supra*, 86 Cal.App.4th at p. 1419.) In *Hightower*, an arbitrator issued a partial final award denying Hightower's claims against his business partner and lifting a preliminary injunction preventing a buyout of Hightower's shares. The arbitrator specified that the award was a partial final award, so that the parties could return to Superior Court to dissolve the injunction and confirm the award. The arbitrator specifically reserved jurisdiction to determine several remaining issues, including costs and damages. (*Id.* at pp. 1427-1428.)

8

On appeal, the appellant argued that the partial final award was invalid because it violated section 1283.4.[5] The Court of Appeal disagreed, reasoning that the "principle of arbitral finality . . . does not preclude the arbitrator from making a *final* disposition of a submitted matter in more than one award." (*Id.* at p. 1433.) The utilization of "a multiple incremental or successive award process" is not foreclosed in an appropriate case. (*Id.* at p. 1434; see also *Roehl v. Ritchie, supra*, 147 Cal.App.4th at p. 351 [rejecting challenge to arbitrator's power to make incremental decisions].)

Appellant questions the relevance of *Hightower* based on the disposition in that case. The Court of Appeal issued a writ of mandate directing the trial court to confirm the partial final award, enter "[a]n appropriate interlocutory judgment" and "send[] the matter back to the arbitrator for such further proceedings as may be required to permit the issuance of a final award resolving all remaining issues." (*Hightower, supra*, 86 Cal.App.4th at p. 1441.) Appellant argues that here, respondent did not seek to amend an interlocutory judgment but instead sought a separate judgment on the cost award in a brand new action.

While the procedure undertaken by respondent in this case may not be identical to that in *Hightower*, appellant has cited no law supporting its position that the procedure undertaken in this case was error. *Hightower* supports the incremental award process used by the arbitrator in this matter, thus the cost award was the proper subject of a petition to confirm.

---

[5] Section 1283.4 provides that an arbitration award "shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy."

Appellant also attempts to distinguish *Hightower* because it involved costs that had not yet been incurred. In contrast, appellant argues, in this case there were no "potential and conditional issues" at hand. (*Hightower, supra*, 86 Cal.App.4th at p. 1439.) Instead, all that had to be decided was how much respondent should be awarded in costs already accrued. Appellant argues that it makes no sense to seek confirmation of such costs, which are likely to be determined shortly after the substantive award, as a separate action.

*Hightower* approved an incremental process where it is "reasonably necessary, if not essential" to the establishment and enforcement of the remedy that the arbitrator has fashioned. (*Hightower, supra*, 86 Cal.App.4th at p. 1439.) At the time that the partial final award was affirmed by the JAMS appellate panel, respondent had no way of knowing when, or if, a cost award would issue. Thus, costs remained a "potential and conditional" issue. (*Ibid.*) The cost award was not issued until after respondent had filed a petition to confirm the partial final award in the trial court. While the most efficient means of obtaining confirmation may have been to amend the petition once the cost award was issued, *Hightower* does not require such action. Appellant has cited no authority requiring amendment of a petition to confirm arbitration award under the circumstances of this case.

When presented with a petition to confirm an arbitration award, the court's role is to "confirm, correct, or vacate the award, or dismiss the petition entirely. [Citations.]" (*Cinel v. Christopher* (2012) 203 Cal.App.4th 759, 765.)[6] As an

---

[6] Appellant has requested that this court reverse the trial court judgment and direct the trial court to enter an order "denying" the petition. The statutory scheme does not provide an option for "denial" of a petition to confirm arbitration, as

incremental award permitted under *Hightower*, the cost award was subject to confirmation, unless the court found that the award was subject to dismissal or vacation under section 1286.2. The petition was not subject to dismissal, and appellant does not suggest on appeal that the order should be vacated pursuant to section 1286.2. Thus, the trial court properly confirmed the award. No error occurred.

### III. Principles of waiver and estoppel do not preclude confirmation of the cost award

Appellant next argues that respondent should not be permitted to seek separate confirmation of awards and cost awards in sequential fashion when those awards co-exist before any judgment has been entered. Appellant asks that we determine that appellant has waived any right to obtain, or should be estopped, from seeking confirmation of the cost award. Appellant cites *Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.* (2006) 144 Cal.App.4th 1175, 1194, for the proposition that: "Whether denominated 'estoppel' or 'implied waiver as a matter of law,' the operative principle is exactly the same -- where a party's conduct is so inconsistent with the intent to enforce a legal right, the intention to give up that right will be *presumed*, notwithstanding evidence that the party did not subjectively 'intend' to relinquish it. [Citation.]"

Appellant notes that respondent had four years to confirm the underlying arbitration award, (§ 1288), thus could have waited for the cost award prior to filing a petition to confirm. Appellant cites several cases as examples of situations where an arbitration award and subsequent cost award were presented

_____

appellant has requested. (*Law Offices of David S. Karton v. Segreto* (2009) 176 Cal.App.4th 1, 9 ["If the trial court which does not dismiss the petition also does not correct or vacate an arbitration award, it *must* confirm the award"].)

11

simultaneously to the trial court for confirmation.[7]  What appellant fails to provide is legal authority requiring this procedure, or suggesting that a winning party in arbitration is not entitled to confirmation of a fee award *unless* it is presented to the trial court simultaneously with the substantive arbitration award.  Under the circumstances, we decline to apply the doctrines of waiver or estoppel to reverse the trial court judgment.

Appellant criticizes respondent's choice not to present the cost award to the trial court via amended petition.  Appellant cites *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1212, as an example of a case in which the petitioner filed an amended petition to confirm after the final award. However, in the absence of a rule requiring an amended petition to confirm a cost award under the circumstances of this case, there is no basis for reversal.[8]

---

[7]      (See, e.g., *DiMarco v. Chaney* (1995) 31 Cal.App.4th 1809, 1817; *Rebmann v. Rohde* (2011) 196 Cal.App.4th 1283, 1288; *Greenspan v. Ladt, LLC* (2010) 185 Cal.App.4th 1413, 1421-1422; *Caro v. Smith* (1997) 59 Cal.App.4th 725, 730; *Safari Associates v. Superior Court* (2014) 231 Cal.App.4th 1400, 1405-1406.)

[8]      We note that the arbitrator in this matter has reserved jurisdiction to enforce appellant's defense obligation going forward.  Thus, the arbitrator may enter future substantive and cost awards.  Appellant's position that there may be only one final judgment for one arbitration could arguably prevent confirmation of such future awards in this matter.  Under the circumstances of this case, where appellant has an ongoing enforceable obligation to defend respondent, such a result would be inequitable.

**DISPOSITION**

The judgment is affirmed.

**CERTIFIED FOR PUBLICATION**

_____, J.
CHAVEZ

We concur:

_____, P. J.
LUI

_____, J.
ASHMANN-GERST