Filed 9/16/21  Tarver v. Zapata CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CHARLES WINSTON TARVER, | B299630 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. BC503844 |
| ROGER ZAPATA et al., | |
| Defendants and Respondents; | |
| MARTHA ZAPATA et al., | |
| Defendants and Appellants. | |

APPEALS from a judgment of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge. Affirmed as modified.

Law Offices of Robert K. Kent, Robert K. Kent; Law Offices of Steven Wolfson and Steven Wolfson for Plaintiff and Appellant.

Ensberg Law Group and Nancy J. Skovholt for Defendants and Appellants Martha Zapata and R&R Sales Enterprises, Inc.

Murchison & Cumming and Edmund G. Farrell for Defendants and Respondents So Cal Realty & Loans, Inc. and Roger Zapata.

---

**INTRODUCTION**

Plaintiff and appellant Charles Winston Tarver filed the present action against Roger Zapata, So Cal Realty & Loans, Inc. (So Cal Realty), Martha Zapata, and R&R Sales Enterprises, Inc. (R&R Sales) (collectively, defendants) alleging, among other things, breach of an agreement for the purchase of real estate. The parties stipulated that the matter should be resolved through binding arbitration, as required under the purchase agreement.

More than five years after the matter was sent to arbitration, defendants moved to dismiss Tarver's case for lack of diligent prosecution under Code of Civil Procedure[1] sections 583.310 and 583.360. The arbitrator dismissed the case. The trial court confirmed the award and entered judgment in favor of Roger Zapata and So Cal Realty. Tarver appeals, arguing exclusively that the arbitrator erred in granting defendants' motion to dismiss. Martha Zapata and R&R Sales also appeal and ask us to correct the judgment to include them.

Arbitration awards are entitled to substantial deference by our courts and as a general matter, the courts of appeal do not vacate an arbitration award, even if plain errors of fact or law appear on the face of the award. All of Tarver's arguments

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

2

challenge the arbitrator's legal and factual findings, which are not reviewable. We will, however, correct the court's clerical error omitting Martha Zapata and R&R Sales Enterprises, Inc. from the judgment, and affirm the judgment as modified.

FACTS AND PROCEDURAL BACKGROUND

## 1.    Arbitration Award

Tarver filed the present action in March 2013, generally alleging that defendants failed to disclose substantial defects in the residence he purchased from them. His complaint included a cause of action for breach of contract and the contract at issue contained an arbitration provision. In September 2013, the parties stipulated, and the court ordered, that the matter would proceed to binding arbitration. No arbitration proceedings took place, however.

In November 2018, defendants filed a motion to dismiss Tarver's action under sections 583.310 and 583.360[2] due to Tarver's failure to proceed to arbitration with reasonable diligence. Tarver opposed the motion, arguing mainly that the five-year period set forth in section 583.310 was effectively tolled while the arbitration was pending. The arbitrator granted the motion and dismissed the action with prejudice as to all defendants.

---

[2] Section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant." Section 583.360 provides: "(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article. [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

## 2.    Confirmation of the Arbitration Award

In March 2019, Roger Zapata and So Cal Realty filed a petition to confirm the arbitration award under section 1285. Tarver did not file a timely opposition to the petition. Instead, approximately two months after the petition was filed—and just a few days before the hearing on the petition was set to take place—Tarver filed an ex parte application asking the court to postpone the hearing, facilitate substitution of counsel, and allow new counsel to file an opposition to the petition to confirm the arbitration award. The application purported to set forth "relevant true facts that were not presented to the Arbitrator" regarding Tarver's efforts to bring the matter to arbitration in a timely manner. The application was supported by declarations from Tarver and his proposed new counsel.

The court denied the ex parte application but allowed Tarver to file a formal opposition to the petition to confirm the arbitration award. Tarver subsequently filed an opposition that was essentially identical to his ex parte application and was similarly supported by declarations from Tarver and his proposed new counsel attesting to their diligence in prosecuting the arbitration.

During the May 31, 2019 hearing, defendants reiterated that the court should grant the petition and confirm the arbitration award in favor of all four defendants. The court found that no valid ground to correct or vacate the arbitration award existed and granted the petition to confirm the award. The court also confirmed that it was rendering judgment in favor of all four defendants.

## 3.   Judgment and Appeals

Roger Zapata and So Cal Realty submitted a proposed judgment to the court that omitted Martha Zapata and R&R Sales as prevailing parties. Over the objection of Martha Zapata and R&R Sales, the court signed the proposed judgment.

The judgment was filed on July 3, 2019. Tarver timely appeals. Martha Zapata and R&R Sales filed a timely cross-appeal.

## DISCUSSION

## 1.   The court properly confirmed the arbitration award.

Each of Tarver's arguments on appeal is directed to the arbitrator's ruling on defendants' motion to dismiss. As we explain, however, the correctness of the arbitrator's decision is not properly before us.[3] Instead, we consider only whether the court properly confirmed the arbitration award. On that point, Tarver offers no argument and therefore fails to establish the court erred.

### 1.1.   Standard of Review

We review the court's decision on a petition to confirm or vacate an arbitration award de novo. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9.) If the court's

---

[3] Tarver's additional contention that the arbitrator that decided the motion to dismiss, Chris R. Conway, was not the arbitrator agreed upon by the parties is not sufficiently developed in his opening brief. Regardless, this contention is contradicted by Tarver in his opposition to the motion to dismiss: "On September 19, 2018 the parties agreed to utilizing Honorable Chris Conway as the arbitrator, with a[n] upcoming date for said arbitration."

5

ruling relies on a determination of disputed factual issues, we apply the substantial evidence test on those particular issues. (*Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1217.)

Tarver contends that "[a]ppellate review is limited to whether the trial court abused its discretion in ruling on the Motion to dismiss." But as we explain *post*, the issue before us is whether the court properly granted defendants' petition to confirm the arbitration award—not whether the arbitrator's decision to dismiss Tarver's action was correct.

### 1.2. Review of Arbitration Awards

"The [California Arbitration Act (§ 1280 et seq.) (CAA)] is 'a comprehensive statutory scheme regulating private arbitration in this state.' (*Moncharsh* [*v. Heily & Blase* (1992)] 3 Cal.4th [1,] 9.) 'Through this detailed statutory scheme, the Legislature has expressed a "strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution." ' (*Ibid.*)" (*Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc.* (2018) 6 Cal.5th 59, 72.)

"Pursuant to … section 1285, any party to an arbitration in which an award has been made may petition the court to 'confirm, correct or vacate the award.' Once a petition to confirm an award is filed, the superior court must select one of only four courses of action: It may confirm the award, correct and confirm it, vacate it, or dismiss the petition. [Citation.] '[I]t is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law.' (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11.) Under section 1286.2, the court may vacate the award only under ' "very limited circumstances." ' [Citation.] Neither the trial court, nor the appellate court, may 'review the merits of the dispute, the sufficiency of the evidence,

6

or the arbitrator's reasoning, nor may we correct or review an award because of an arbitrator's legal or factual error, even if it appears on the award's face. Instead, we restrict our review to whether the award should be vacated under the grounds listed in section 1286.2. [Citations.]' " (*EHM Productions, Inc. v. Starline Tours of Hollywood, Inc.* (2018) 21 Cal.App.5th 1058, 1063–1064, final brackets in original, fn. omitted.)

Section 1286.2, subdivision (a), provides: "Subject to Section 1286.4, the court shall vacate the award if the court determines any of the following:

"(1) The award was procured by corruption, fraud or other undue means.

"(2) There was corruption in any of the arbitrators.

"(3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator.

"(4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.

"(5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.

"(6) An arbitrator making the award either: (A) failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware; or (B) was subject to disqualification upon grounds specified in Section 1281.91 but failed upon receipt of timely demand to disqualify himself or herself as required by that provision.

7

However, this subdivision does not apply to arbitration proceedings conducted under a collective bargaining agreement between employers and employees or between their respective representatives."

### 1.3. Tarver's arguments challenge the correctness of the arbitrator's decision and are beyond the scope of review.

Tarver summarizes the issues on appeal as follows:

"A.     Was the litigation stayed by the Trial Court for the duration of the Arbitration?

"B.     Did the new Arbitrator have the authority to dismiss the Arbitration based on the 'five-year statute' ([§ 583.310]) when the underlying litigation had been stayed by the Trial Court?

"C.     Did Respondents misrepresent the true facts concerning readiness for Arbitration, the true facts being that Appellant was ready to proceed to Arbitration in mid-2014 and it was Respondents who would not agree to schedule a date for the Arbitration Hearing because of their ongoing discovery?

"D.     Did Respondents deceive new Counsel for Appellant and the new 'Arbitrator' (the Hon. Chris R. Conway (Ret.)) by concealing that the Parties had agreed in 2013 that the Hon. Charles 'Skip' Rubin would serve as Arbitrator and there was no refusal or inability by Judge Rubin to serve as Arbitrator and no Court Order or agreement between the Parties to replace Judge Rubin as Arbitrator.

"E.     Did the new Arbitrator, Judge Conway, abuse his authority and duty by failing to promptly set an Arbitration Hearing date?"

Each of these arguments is addressed to the correctness of the arbitrator's decision to dismiss Tarver's action which, as we

8

have explained, is beyond the scope of our review. Throughout his opening brief, Tarver focuses exclusively on the arbitrator's dismissal of his case. For example, in summarizing the relief he seeks from this court, Tarver asserts that "the facts and the applicable law clearly support a reversal of the Trial Court's Order [*sic*] dismissing the litigation based on the five-year statute and restoring [*sic*] this matter to the Civil Active List and confirming [*sic*] that the matter is to proceed to Arbitration before Judge Rubin … ." And under the heading "summary of the appellant's argument," Tarver begins by stating "[section] 583.310 requires that an action be brought to trial within five (5) years of its filing. The statute is procedural rather than jurisdictional[,]" and he then explains that "[a]ppellate courts may independently determine the proper interpretation of a statute," such as section 583.310.

Under well-settled authority, we decline Tarver's invitation to review the correctness of the arbitrator's award. (E.g., *Gueyffier v. Ann Summers, Ltd.* (2008) 43 Cal.4th 1179, 1184 [noting "[a]rbitrators do not ordinarily exceed their contractually created powers simply by reaching an erroneous conclusion on a contested issue of law or fact, and arbitral awards may not ordinarily be vacated because of such error"]; *California Union Square L.P. v. Saks & Company LLC* (2020) 50 Cal.App.5th 340, 348.)

Tarver does mention section 1286.2 in the section headed "conclusion." There, he asserts for the first time that, "[t]he underlying Motion to Dismiss that led to the Arbitration Award dismissing the litigation was predicated on false and misleading statements as set forth above. When an Arbitration Award has been procured by fraud, the award must be vacated. [Section]

1286.2(a)(1)[.]" Tarver provides no further analysis, however, and this single reference to the statute is insufficient to establish error. (See, e.g., *Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867 [noting "an appellant must present argument and authorities on each point to which error is asserted or else the issue is waived"]; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656 [observing matters not properly raised or that lack adequate legal discussion will be deemed forfeited].)

In sum, Tarver fails to demonstrate that the court erred by granting the petition to confirm the arbitration award.

**2.    The court's judgment inadvertently omits two of the four defendants.**

The judgment entered by the court states that the judgment was entered only as to Roger Zapata and So Cal Realty. In their cross-appeal, Martha Zapata and R&R Sales correctly assert that the court erred by omitting them from the judgment. We conclude the error is clerical and correct it.

"It is well settled that clerical errors in a judgment, where they are shown by the record, may be corrected at any time. (*Dreyfuss v. Tompkins* (1885) 67 Cal. 339, 340.) A court of general jurisdiction has power after judgment, pending an appeal and even after affirmance of the judgment on appeal, and regardless of lapse of time, to correct clerical errors whether made by the court, clerk or counsel so that its records will conform to and speak the truth. (See 7 Witkin, Cal. Procedure, *supra*, Judgment, § 68, pp. 502–503.) And an appellate court may correct a judgment containing an obvious clerical error or other defect resulting from inadvertence by modifying the judgment. (See 9 Witkin, *supra*, Appeal, §§ 615–616, pp. 600–601.)" (*Hennefer v. Butcher* (1986) 182 Cal.App.3d 492, 506–507 (*Hennefer*).) Of

10

course, "[a]n amendment that substantially modifies the original judgment ... may not be made by the court under its authority to correct clerical error ... unless the record clearly demonstrates that the error was not the result of the exercise of judicial discretion." (*In re Candelario* (1970) 3 Cal.3d 702, 705.) This criterion has been met.

It is apparent from the record that Martha Zapata and R&R Sales were inadvertently omitted from the judgment. First, the arbitrator's order dismissed Tarver's action with prejudice as to *all* defendants. Second, as required under section 1285, the petition to confirm the arbitration award named Martha Zapata and R&R Sales as parties to the arbitration award and their counsel argued at the hearing on the petition. Third, under section 1286, given that the court did not correct or vacate the award, it was required to confirm the arbitration award as made. (§ 1286 ["If a petition or response under this chapter is duly served and filed, the court shall confirm the award as made, whether rendered in this state or another state, unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding."]) In other words, the court's act of confirming the arbitration award in favor of all four defendants was not discretionary. And, finally, the court clearly stated its intention to enter judgment in favor of all four defendants. At the end of the hearing on the petition to confirm the arbitration award, the court announced its ruling. To clarify, counsel for Roger Zapata and So Cal Realty asked the court, "As a result of you confirming – granting the petition to confirm the award, judgment is rendered in favor of all the defendants?" The court answered, "Correct."

11

The court's clarification notwithstanding, counsel for Roger Zapata and So Cal Realty submitted a proposed order and judgment stating that judgment was rendered in favor of So Cal Realty and Roger Zapata only. Martha Zapata and R&R Sales filed objections to the proposed order and judgment because they were not included. They asked the court to modify the order and judgment to include all defendants. The July 3, 2019 minute order overruled the objections without explanation, and the court signed the proposed judgment even though it did not properly reflect the arbitrator's dismissal order or its own ruling announced from the bench.

"If a trial judge through inadvertence or mistake signs an order different from that which he intended because of the error of an attorney draftsman, it may readily be corrected. ([7 Witkin, Cal. Procedure,] §§ 70–71, pp. 505–506.) 'In these times busy judges must of necessity rely heavily upon the attorneys to prepare orders and judgments accurately so that they express that which was done at the trial and that which the judge had called for.' [Citation.]" (*Hennefer, supra*, 182 Cal.App.3d at p. 507.) Accordingly, we will modify the judgment to correct the clerical error so that judgment will be rendered in favor of all four defendants.

## DISPOSITION

The second sentence of the judgment is modified to read, "Accordingly, it is hereby ordered, decreed, and adjudged that judgment be entered in favor of Roger Zapata, So Cal Realty & Loans, Inc., Martha Zapata and R&R Sales Enterprises, Inc. and against plaintiff Charles Winston Tarver." As so modified, the judgment is affirmed. Respondents Roger Zapata, So Cal Realty & Loans, Inc., Martha Zapata and R&R Sales Enterprises, Inc. shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.