Filed 9/28/23  200 Kansas Owner v. Keenwawa CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| 200 KANSAS OWNER, LLC,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEENWAWA, INC.<br><br>    Defendant and Appellant. | A166470<br><br>(San Francisco City & County Super. Ct. No. CPF-22-517812) |

Keenwawa, Inc., doing business as Brightloom (tenant) appeals from a judgment confirming a final arbitration award in favor of 200 Kansas Owner, LLC (landlord).  We affirm.[1]

## BACKGROUND

In June 2015, tenant leased space in landlord's office building on Kansas Street in San Francisco.  Section 29.20.2 of the lease — entitled "waiver of trial by jury" — stated the parties waived their right to a jury trial

---

[1] We deny tenant's request for judicial notice of, among other things, the JAMS Comprehensive Arbitration Rules & Procedures, as these documents are unnecessary to our decision.  (*Najarro v. Superior Court* (2021) 70 Cal.App.5th 871, 885, fn. 7.)  In violation of California Rules of Court, rule 8.124(b), tenant's appellant's appendix omits numerous essential documents, including landlord's arbitration demand and declarations landlord offered in support of its petition to confirm the award.  Landlord has provided a respondent's appendix supplying the missing documents.  We recite only those facts necessary to resolve the dispositive issues.

1

in any litigation arising out of, or connected to, the lease.  (Capitalization omitted.)  Section 29.20.2 also provided that if the jury waiver is not enforceable, "the following provisions shall apply. . . .  [A]ny action, proceeding or counterclaim brought by either party hereto against the other . . . on any matters arising out of or in any way connected with this Lease, Tenant's use or occupancy of the Premises and/or any claim of injury or damage . . . shall be heard and resolved by a referee under the provisions of the California Code of Civil Procedure, Sections 638 – 645.1[.]"[2] (Capitalization omitted.)  Additionally, the provision stated that pursuant to section 644, "[a]ny decision of the referee and/or judgment or other order entered thereon shall be appealable to the same extent and in the same manner that such decision, judgment, or order would be appealable if rendered by a judge of the superior court in which venue is proper."

Tenant stopped paying rent in April 2020.  Not long after, it decided to "go 'permanent remote,' " and it paid rent intermittently or not at all.  In late December, the parties entered into a "Surrender and Lease Termination Agreement" (agreement).  Under the agreement, tenant vacated the space; the parties terminated the lease, and they acknowledged the existence of a dispute over tenant's nonpayment of rent and landlord's entitlement to damages (rent dispute).  The parties also agreed the rent dispute would "be resolved in accordance with the alternative dispute resolution mechanism set forth in Section 29.20.2 of the Lease, as clarified and amended by the terms and conditions" of the agreement.  Section 7 of the agreement — entitled "Agreement to Alternative Dispute Resolution" — provided that "*[n]otwithstanding anything in the Lease to the contrary*, the Parties

---

[2] Undesignated statutory references are to the California Code of Civil Procedure.

2

acknowledge and agree that the Rent Dispute is and shall be subject to arbitration pursuant to section 29.20.2 of the Lease, and agree to submit such Rent Dispute to arbitration before JAMS." (Italics added.) The agreement's integration clause stated the agreement was the parties' "final, entire, and exclusive agreement" and that all "understandings, discussions, proposals and agreements [. . .] are merged."

Two months later, landlord demanded arbitration. It sought damages, attorney fees, and costs. Tenant answered the demand. Thereafter, JAMS confirmed the commencement of the arbitration. The parties selected an arbitrator — who confirmed the claims were "arbitrable in this forum" — and they arbitrated their claims in March 2022. In June, the arbitrator issued a final award. The arbitrator first concluded the parties had "expressly reserved" the rent dispute to arbitration and that landlord's claims were "arbitrable." Next, the arbitrator determined tenant breached the lease, and it rejected tenant's affirmative defenses. The arbitrator ultimately awarded landlord $3,813,866.72 in damages, attorney fees, and costs — a complete win for landlord.

Thereafter, landlord petitioned to confirm the arbitration award pursuant to section 1285. Tenant did not move to correct or vacate the award. Instead, it filed an opposition in which it argued the petition was not "the appropriate procedural mechanism for attempting to enforce the award." Relying on the lease, tenant insisted the parties had agreed to resolve their disputes by judicial reference and that any decision reached by the referee would be appealable.[3] It requested an "opportunity to appeal the award

---

[3] " 'Judicial reference involves sending a pending trial court action to a referee for hearing, determination and a report back to the court.' " (*O'Donoghue v. Superior Court* (2013) 219 Cal.App.4th 245, 255.) The referee

pursuant to the parties' agreement." Tenant also suggested the arbitrator "exceeded his authority in such a manner that the award [could not] be fairly corrected" (§ 1286.2, subd. (a)(4)), but tenant did not seek to vacate the award on that basis.

In reply, landlord urged the trial court to confirm the award and enter judgment in its favor because tenant had failed to contest the arbitration award or oppose the petition on statutory grounds. Tenant filed a supplemental response. Taking a new tack — and claiming the "only question" before the court was the "nature of the judgment" — tenant requested entry of judgment pursuant to section 644, which applies to reference proceedings. (Capitalization omitted.) In light of this new theory, the court granted tenant leave to file a petition to correct the arbitration award. Instead of doing so, tenant moved to "enter judgment on the reference." (Capitalization omitted.) The motion rehashed the arguments tenant made in response to landlord's petition to confirm the arbitration award. Landlord opposed the motion, arguing tenant could not convert an arbitration award into a so-called judgment on the reference.

In October 2022, the trial court granted landlord's petition to confirm the arbitration award, and it entered a judgment after arbitration. On the same date, the court issued a separate order denying tenant's motion to enter judgment on the reference. It concluded no "judicial reference proceedings ha[d] been initiated" under sections 638 and 639, and that the parties

---

tries " 'all issues in the action' " and " 'prepares a statement of decision that stands as the decision of the court and is reviewable as if the court had rendered it.' " (*Ibid.*) A judgment based on a referee's statement of decision is reviewed on appeal using the same rules that apply to a court's statement of decision. (§ 644.) There "are significant differences between a judicial reference and a contractual arbitration." (*Sy First Family Ltd. Partnership v. Cheung* (1999) 70 Cal.App.4th 1334, 1341.)

participated in an arbitration and availed "themselves of the benefits of such proceedings without objection." Tenant appealed from the judgment after arbitration.

## DISCUSSION

Tenant urges us to review the merits of the arbitrator's factual and legal conclusions and to reduce landlord's damages. We will not.

To explain why this is so, we briefly review the relevant provisions of the California Arbitration Act — section 1280 et seq. — " ' "a comprehensive statutory scheme regulating private arbitration in this state." ' " (*Law Finance Group, LLC v. Key* (2023) 14 Cal.5th 932, 945.) Section 1285 authorizes a party to an arbitration award to petition the trial court to "confirm, correct or vacate" the award. A party's response may ask "the court to dismiss the petition or to confirm, correct or vacate the award." (§ 1285.2.) Sections 1286.2 and 1286.6 enumerate the grounds for vacating and correcting the award. A party seeking to vacate the award bears the burden of establishing the existence of a circumstance enumerated in section 1286.2, "and that the party was prejudiced by the arbitrator's error." (*Royal Alliance Associates, Inc. v. Liebhaber* (2016) 2 Cal.App.5th 1092, 1106.) In ruling on a petition brought under the California Arbitration Act, the court's powers are circumscribed — it must confirm the award, correct the award and confirm it as corrected, vacate the award, or dismiss the proceeding. (§ 1286; *EHM Productions, Inc. v. Starline Tours of Hollywood, Inc.* (2018) 21 Cal.App.5th 1058, 1063.)

If the trial court confirms the arbitration award, the judgment entered on the award has the "same force and effect" as a civil judgment. (§ 1287.4.) Such a judgment is appealable, but judicial review is limited. (§ 1294, subd. (d); *California Union Square L.P. v. Saks & Co. LLC* (2020)

5

50 Cal.App.5th 340, 348.) Appellate "courts will not review the merits of the controversy, the validity of the arbitrator's reasoning, or the sufficiency of the evidence supporting the arbitrator's award. [Citation.] Typically, an arbitrator's factual and legal errors are also not reviewable because the arbitrator's (as opposed to the court's) resolution of the disputed issues ' " 'is what the parties bargained for in the arbitration agreement.' " ' " (*California Union Square*, at p. 348; see also *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 12–13.)

Having set forth this statutory background, we turn to tenant's bid to obtain a merits review of the arbitration award. Tenant participated — without objection — in a contractual arbitration proceeding that resulted in a complete win for landlord. Tenant did not seek to vacate the arbitration award under the established procedure for doing so; indeed, it admitted the only issue before the trial court was the "nature" of the judgment that should be entered against it. The court entered judgment on the arbitration award, a judgment that is subject to narrow appellate review. Acting as if this history never happened, tenant offers one principal argument: it insists the court erred by denying its motion to enter judgment on the reference because the parties participated in a "reference hearing," not an arbitration.[4]

---

[4] A notice of appeal "defines the scope of the appeal by identifying the particular judgment or order being appealed." (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967.) An appellate court has no jurisdiction to review an order not mentioned in the notice of appeal. (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.) Here, the trial court issued two documents — a judgment after arbitration and a separate order denying tenant's motion to enter judgment on the reference. Landlord correctly notes tenant appealed only from the "Judgment after Arbitration." A logical corollary supported by the record is that tenant did *not* appeal from the separate order denying its motion to enter judgment on the reference. (*Morton*, at pp. 967–968; *Ellis v.*

6

We are not persuaded. The record demonstrates both parties consistently acted as if they were arbitrating their dispute. Indeed, tenant acknowledges it failed to move for the appointment of a referee before the arbitrator issued the final award — in fact, we see no evidence in the record that tenant *ever* sought the appointment of a referee. (See *Lovret v. Seyfarth* (1972) 22 Cal.App.3d. 841, 860.) Tellingly, tenant has failed to challenge the trial court's implied conclusion that it waived any right to enforce the judicial reference provision in the lease by participating in the arbitration. (*San Francisco Print Media Co. v. The Hearst Corp.* (2020) 44 Cal.App.5th 952, 967, fn. 10 [an " 'appellate court is not required to examine undeveloped claims, nor to make arguments for parties' "].)

We decline tenant's eleventh hour invitation to recharacterize the proceeding as a reference. Tenant's reliance on *National Union Fire Ins. Co. v. Nationwide Ins. Co.* (1999) 69 Cal.App.4th 709 is unavailing. In that case, all parties agreed it was "their true intent to submit the dispute for a general reference." (*Id.* at p. 715.) Additionally, unlike that case, there was no preexisting court case here that could be sent to a referee. (*Id.* at p. 714.) The additional authorities mentioned in tenant's reply brief, including *Cheng-Canindin v. Renaissance Hotel Associates* (1996) 50 Cal.App.4th 676, are similarly inapt.

In the alternative, tenant contends the parties agreed to "preserve their rights" to appellate review of the arbitration award. Not so. As a general

---

*Ellis* (2015) 235 Cal.App.4th 837, 846.) Because the notice of appeal "omits any reference" to the order denying tenant's motion for judgment on the reference, it appears we have "no jurisdiction to review the propriety of that [order]." (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 47.) As landlord does not contend we lack jurisdiction, we merely observe the potential jurisdictional defect and do not rely on it to resolve this matter.

rule, the merits of an arbitration award are not subject to judicial review. (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 11.) To remove themselves from the ambit of "the general rule . . . , the parties must clearly agree that legal errors are an excess of arbitral authority that is reviewable by the courts." (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1360–1361.) Our high court has advised that "parties seeking to allow judicial review of the merits" should "provide for that review explicitly and unambiguously." (*Id.* at p. 1361.)

Neither the lease nor the agreement includes explicit and unambiguous language authorizing judicial review of the merits of the arbitration award. As tenant appears to concede, under the lease, the parties' right to appeal is conditional — *if* the jury trial waiver is unenforceable, *and* the parties have participated in a reference proceeding, *and* the referee has issued a decision, the judgment is "appealable to the same extent and in the same manner that such decision, judgment, or order would be appealable if rendered by a judge of the superior court in which venue is proper." Tenant's briefs conveniently elide the fact that there has been no finding that the jury trial waiver is unenforceable. Moreover, it is undisputed section 7 of the agreement is completely silent on the issue of appealability of the arbitration award.[5] (See *Gravillis v. Coldwell Banker Residential Brokerage Co.* (2010) 182 Cal.App.4th 503, 516–520.)

In sum, we will not consider the merits of the arbitration award.

---

[5] The parties dispute whether the agreement supersedes the lease. We need not decide this question, as nothing in either document constitutes an express agreement to authorize judicial review of the merits of the arbitration award.

## DISPOSITION

The judgment confirming the final arbitration award in favor of landlord is affirmed.  Landlord is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

_____
Rodríguez, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Petrou, J.


A166470